AUSA Maggie Smith   313.226.9135
Special Agent Raymond C. Nichols, FBI   313.496.4353

(8/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Randy Montante

Case: 2:16-mj-30350
Judge: Unassigned,
Filed: 08-10-2016 At 12:50 PM
CMP USA V. RANDY MONTANTE (LH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 1, 2016 - August 9, 2016__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251(a) | Production of child pornography |
| 18 U.S.C. 2252A(a)(2) | Receipt of child pornography |
| 18 U.S.C. 2422(b) | Online enticement of a minor |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Raymond C. Nichols, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: AUG 1 0 2016

_____
Judge's signature
ANTHONY P. PATTI

City and state: Detroit, MI

United States Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Raymond C. Nichols, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Detroit Division, being duly sworn, depose and state as follows:

## I. INTRODUCTION

1. I have been employed as a Special Agent of the FBI since February 2012, and am currently assigned to the FBI Detroit Division. While employed by the FBI, I have investigated federal criminal violations related to Internet fraud, computer intrusions, and the FBI's Innocent Images National Initiative, which investigates matters involving the online sexual exploitation of children. I have gained experience through training at the FBI Academy, post Academy training, and everyday work related to conducting these types of investigations.

2. I submit this affidavit in support of an arrest warrant and criminal complaint for RANDY MONTANTE (date of birth XX/XX/1992), for producing child pornography, in violation of 18 U.S.C. § 2251(a); receiving child pornography, in violation of 18 U.S.C. § 2242A(a)(2); and online enticement of a minor, in violation of 18 U.S.C. 2422(b).

3. The statements in this Affidavit are based on my investigation of this matter as well as that of other FBI and local law enforcement personnel. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities related to the crimes of receiving, possessing, and/or distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B), and producing child pornography in violation of 18 U.S.C. § 2251(a) are presently located at 1361 Highview Street, Dearborn, Michigan.

## II.   BACKGROUND OF THE INVESTIGATION

4. On approximately July 23, 2016, the mother of a 13 year old female child (hereafter MV1) appeared in person with MV1 at the Bayonne Police Department, Bayonne, New Jersey. The mother reported that MV1 had been chatting online with an individual whom the mother believed may be "Randy Montante". During those chats, the mother reported that MV1 and "Randy Montante" exchanged "naked photos" with each other. The mother believed that the relationship had been ongoing since approximately February of 2016 using social media websites such as Facebook, Instagram, and Skype.

5.  On approximately July 21, 2016, the mother of MV1 confronted "Randy Montante" via text messaging, advising "Randy Montante" of MV1's age, and telling "Randy Montante" to leave her daughter alone. On approximately July 23, 2016, the mother discovered that "Randy Montante" and MV1 continued to communicate. The mother again confronted "Randy Montante", this time via social media application Twitter.

6.  On approximately July 26, 2016, Detectives with the Bayonne Police Department took a recorded statement from MV1. During that statement MV1 acknowledged that she had an online relationship with a male she knew as Randy Montante (hereafter Randy) who resided in Dearborn, Michigan. MV1 told the Detectives that she originally met this individual on the video sharing website www.omegle.com (Omegle).

7.  MV1 further told the Detectives that after meeting Randy on Omegle they began to regularly communicate via social media platforms. MV1 admitted that she originally told the Randy that she was 18 years old, but that while they were chatting she told him she was 13 years old. Whenever MV1 would tell Randy she was 13 years old, Randy changed the subject.

8.  MV1 told Detectives that the conversations started as small talk, but evolved into Randy asking her to send "explicit pictures". MV1 complied and sent nude photographs of her to Randy.

9. MV1 stated that she and Randy later transitioned to live video chatting using Skype on a regular basis. MV1 and Randy would both appear nude on camera; however Randy would be primarily visible from the waist up, while she was totally nude.

10. During a second interview of MV1, she provided the Kik messaging account for Randy as "doimakeurandy". MV1 provided the Skype messaging account for Randy as "doimakeurandy".

11. MV1 and her mother had previously provided the telephone number for Randy as 313-354-3XXX.

12. The mother of MV1 provided to the Bayonne Police Department MV1's cellular telephone. Members of the Bayonne Police Department located the telephone number 313-354-3XXX in MV1's cellular telephone under the contact "KAM".

13. A forensic review of MV1's cellular telephone revealed multiple incoming and outgoing phone calls to telephone number 313-354-3948. The duration of those calls ranged from a few seconds to over 30 minutes in length.

14. On approximately July 29, 2016 Detective Brian Borow of the Bayonne Police Department served a subpoena to AT&T wireless requesting subscriber information for telephone number 313-354-3XXX. On

approximately August 1, 2016 AT&T provided the subscriber of that number as:

> Ruth Nibungco
>
> 1XXX Highview St.
>
> Dearborn, Michigan 48128
>
> Email: montante26@XXXXX.com

15. On approximately August 2, 2016 with the permission of MV1's parents, Detective Brian Borow assumed the online identity of MV1. Detective Borow then sent a message to Kik account "doimakeurandy" which stated, "Can't chat long. Just wanted to say hi and things r calming down here". The user of "doimakeurandy" responded with a "challenge" question, likely in order to determine he was actually talking to MV1. Detective Borow answered the question correctly and the conversation continued.

16. During the conversations between Detective Borow and Kik user "doimakeurandy" multiple messages were exchanged. The user of "doimakeurandy" told Detective Borow that he wrote MV1 letters every day since they stopped talking and saved them in his phone. Detective Borow then made it clear via the messages that MV1 was 13 years old. "doimakeurandy" responded by stating, "A good friend of mine said if you like someone, and it's real, age doesn't matter". "doimakeurandy" then

discussed how illegal their relationship was and stated that he could go to prison if law enforcement "dug shit up".

17. Also, on August 2, 2016 during the night time hours Detective Borow, still posing as MV1, began to communicate with this same individual via Skype account "doimakeurandy". "doimakeurandy" acknowledged that MV1 was 13 years of age and that he could go to prison. "doimakeurandy" then changed his Kik account to "kamylanta" and began to message Detective Borow, believing he was chatting with MV1.

18. Within 2 minutes of messaging Detective Borow with account "kamylanta", "kamylanta" stated, "Send me something. I haven't seen your face in a while". Detective Borow avoided sending "kamylanta" any pictures. The discussion continued and "kamylanta" discussed pictures and videos that MV1 had previously sent him, calling Detective Borow a "tease".

19. Later on during the August 2, 2016 conversations with "kamylanta", "kamylanta" referred to being "horny". "kamylanta" requested Detective Borow, whom he believed to be MV1, go into the bathroom, lock the door and produce a video for him using a highlighter. "kamylanta" referred to the act as "doggy style".

20. On August 4, 2016 Detective Borow continued to converse with "kamylanta" using Kik messenger. During that conversation, "kamylanta"

told Detective Borow, whom he believed was MV1, to tell her parents that she told him that she was 18 years old. "kamylanta" stated, "In fact after this I'm going to talk like you're 18 and in college…Because if the cops find out…I'm going to go to jail for at LEAST 10 YEARS…And we won't be able to talk for a while". "kamylanta" instructed Detective Borow to periodically delete their messages so that they wouldn't be found.

21. Later on August 4, 2016 "kamylanta" told Detective Borow that he wanted to see MV1's sexy body and face, that he wanted her to "play with her ass" and that he wanted to see her "doggy style". Detective Borow responded by asking if "kamylanta" wanted MV1 to send that to him. "kamylanta" responded, "more than anything. Why?" During that conversation "kamylanta" referred to several videos that MV1 had made and sent to him in the past. "kamylanta" stated that he had one of those files on a USB flash drive that was hidden.

22. During a forensic review of MV1's cellular telephone, Detective Borow observed several videos that appeared to depict the sexual exploitation of MV1. 4 of those videos are summarized below by Detective Borow:

   a. IMG_3857.mp4 – is a video file that is 9 seconds in length which shows the victim who appears nude visible from only the nose down to just above the breasts. It starts with her having black duct tape

over her mouth, she then peels the tape off slowly and pulls a pair of panties out of her mouth.

b. IMG_3811.mp4 – is a video file that is 15 seconds in length which appears to be the victim with her abdomen and vaginal area exposed while laying back. There is a small black dog licking her vagina.

c. IMG_4055.mp4- is a video file that is 15 seconds in length which appears to be the victim sitting on a toilet bowl inserting her 2 fingers into her vagina several times. (This video file date and time is 7/17/2016 at 23:23:33.)

d. IMG_4056.mp4 – is a video file that is 7 seconds in length which shows the victim inserting her 2 fingers into her mouth and sucking them while pulling them out. (This video file date and time is 7/17/2016 at 23:27:04)

23. Your affiant spoke with Detective Borow concerning the significance of the time stamps indicated in video files "C" and "D". Detective Borow was of the opinion that video "D" was a continuation of the act which was depicted in video "C".

24. On approximately August 4, 2016 Detective Borow served a subpoena to Kik requesting subscriber information for accounts "doimakeurandy" and "kamylanta". On approximately August 5, 2016 Kik provided the requested

information. Upon analyzing the data, Detective Borow observed that the accounts were accessed by IP address 75.118.246.74. Kik username "kamylanta" was setup using email address montante26@XXXX.com, which also appeared on the subscriber data received from AT&T for telephone number 313-354-3XXX.

25. On approximately August 5, 2016 Detective Borow served a subpoena on Wide Open West, which was listed as the internet service provider for IP address 75.118.246.74 used to access the two above referenced Kik accounts. The subpoena requested subscriber information for IP address 75.118.246.74. On approximately August 8, 2016 Wide Open West provided the following subscriber information:

> Randy Montante
>
> 1XXX Highview Street
>
> Dearborn, Michigan 48128
>
> 313-354-3XXX

26. On August 8, 2016 your affiant requested that an FBI analyst conduct database checks for the name RANDY MONTANTE and residential address 1XXX Highview Street, Dearborn, Michigan. The results of that search indicated that one RANDY NIBUNGCO MONTANTE, date of birth XX/XX/1992 had a Michigan driver's license which listed 1XXX Highview

Street, Dearborn Heights, Michigan. The photograph on file for MONTANTE's driver's license was obtained by the analyst and provided to your affiant.

27. Detective Borow provided your affiant with a copy of a forensic report of MV1's cellular telephone. Your affiant compared the Michigan driver's license photograph of RANDY NIBUNGCO MONTANTE with photographs of the individual that MV1 was conversing with online. The photographs appeared to depict the same individual.

28. On August 10, 2016, a federal search warrant was executed at MONTANTE's residence. MONTANTE agreed to be interviewed, and admitted that he was communicating online with MV1. He further admitted that she sent him sexually explicit images and videos, sometimes at his request.

29. Agents also located a USB flash drive in a desk drawer in MONTANTE's bedroom. A preliminary review of the flash drive showed what appeared to be multiple videos and images of children engaged in sexual activity, and the lascivious display of the genitals.

## III.   CONCLUSION

30.  Affiant respectfully submits that there is probable cause to believe that RANDY MONTANTE produced child pornography, in violation of 18 U.S.C. § 2251(a); received child pornography, in violation of 18 U.S.C. § 2242A(a)(2); and engaged in online enticement of a minor, in violation of 18 U.S.C. 2422(b).

31.  Wherefore by this affidavit and application, Affiant requests that the Court authorize the issuance of a criminal complaint and arrest warrant for RANDY MONTANTE.

_____
Raymond C. Nichols
Special Agent
Federal Bureau of Investigation

AUG 10 2016

Sworn and subscribed before me this \_\_\_ day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

ANTHONY P. PATTI