UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                    Case No. 16-20576
                    Hon. STEPHEN J. MURPHY
vs.


RANDY NIBUNGCO MONANTE,

           Defendant.
_____/
MARGARET M. SMITH
United States Attorney's Office
211 W. Fort Street; Suite 2001
Detroit, MI 48226
313-226-9135
Email: margaret.smith@usdoj.gov

SANFORD A. SCHULMAN P-43230
Attorney for Defendant:
      RANDY NIBUNGCO MONANTE
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net
_____/

**DEFENDANT, RANDY NIBUNGCO MONANTE'S**
**MOTION TO SET ASIDE AND REVOCATION OF**
**ORDER OF DETENTION AND REQUEST FOR HEARING**

NOW COMES the Defendant, RANDY NIBUNGCO MONANTE, by and

through his attorney, SANFORD A. SCHULMAN and moves this Court, pursuant to

18 U.S.C. §3145(b), to revoke the prior Order of Detention in this matter for the

following reason.

1

1. On August 23, 2016 a four count indictment was returned charging the defendant with count one: Production of Pornography in violation of 18 USC Sec. 2251(a);(e); count two: Coercion and Enticement of a Minor in violation of 18 USC Sec. 2422(b); count three: Receipt of Child Pornography in violation of 18 USC Sec. 2252A(a)(2); and count four: Possession of Child Pornography in violation of 18 USC Sec. 2252(a)(5)(B).

2. A detention hearing by of proffer was conducted before Magistrate Judge Anthony P. Patti.on August 12, 2016 and detention was ordered pending trial.

3. This Court has the authority, pursuant to 18 U.S.C. § 3145(b), to review the previous order of detention.

4. Title 18 U.S.C. 3142(e) states that, subject to rebuttal, it is presumed that there are no conditions or combination of conditions for release for the instant offenses. Defense would submit that the Government has failed nevertheless to present sufficient evidence that Randy Montante is either a threat to the community or a flight risk and that this presumption has been overcome and that a bond should issue.

5. RANDY NIBUNGCO MONANTE poses neither a danger to the community,  nor is he a risk of flight under 18 U.S.C. § 3142(f).

6. There are conditions of release which will assure the court of Mr. Montante's appearance at future court appearances and the safety of the community, as stated in 18 U.S.C. §3142(c).

WHEREFORE, Defendant, RANDY NIBUNGCO MONANTE, respectfully requests that this Court  hold a hearing and revoke the Order of Detention; and, instead, enter an Order releasing him to the third party custody of his parents  who resides in the Detroit Metropolitan area and who are prepared to act as his third-party custodian and allow Mr. Montante to live at their address, on a tether, if necessary, with conditions that he be under home arrest

Respectfully submitted,

s/Sanford A. Schulman
SANFORD A. SCHULMAN P-43230
Attorney for Defendant:
    RANDY NIBUNGCO MONANTE
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

Date:  September 12, 2016

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                         Case No. 16-20576
                         Hon. STEPHEN J. MURPHY
vs.


RANDY NIBUNGCO MONANTE,

          Defendant.
_____/
MARGARET M. SMITH
United States Attorney's Office
211 W. Fort Street; Suite 2001
Detroit, MI 48226
313-226-9135
Email: margaret.smith@usdoj.gov

SANFORD A. SCHULMAN P-43230
Attorney for Defendant:
     RANDY NIBUNGCO MONANTE
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net
_____/

**BRIEF IN SUPPORT OF DEFENDANT, RANDY NIBUNGCO MONANTE'S
MOTION TO SET ASIDE AND REVOCATION OF
ORDER OF DETENTION AND REQUEST FOR HEARING**

     NOW COMES the Defendant, RANDY NIBUNGCO MONANTE, by and

through his attorney, SANFORD A. SCHULMAN and moves this Court, pursuant to

18 U.S.C. §3145(b), to revoke the prior Order of Detention in this matter for the

following reason.

4

I.

## BACKGROUND

Randy Montante was born December 2nd, 1992 in Detroit, MI. He is the oldest of two children.  At the time of his arrest, he was residing with his mother, father and sister in Dearborn, Michigan.  Randy graduated from St. Anselm elementary school in Dearborn Heights, MI. He was an active participate in school and joined the boy scouts along with all the sports offered by the school.

Randy has strong ties to the Detroit community.  His family initially lived in Detroit.  His father worked for the city as an accountant. In high school, the family moved to Dearborn, MI to be closer to Divine Child High School where Randy graduated high school.

During high school, Randy worked part-time as a dishwasher in a restaurant in Dearborn Heights, MI.  After high school Randy attended and graduated from the University of Michigan, Dearborn Campus.  He was a full-time student and worked various jobs including Game Stop and Mongolian BD Restaurant.  He had a near perfect attendance record at both school and his various jobs.

In addition to those jobs, Randy also assisted a coach at the high school soccer games as a gate keeper. He was also an intern with Michigan Representative John Dingell while he was still in office.

He grew up with the Filipino community and attended Filipino school to learn the culture and history of the Philippines. In college, he also volunteered as

a co-coordinator for the Filipino school. He is also affiliated with the Catholic Church and regularly attends mass.

Randy Montante was in the process of attending graduate school. Indeed, just prior to this incident he had been looking for a job to help finance a Masters Degree program.

Randy's family is prepared to provide any and all assurances as to bond conditions. Randy's father is retired and can fully supervise him. The family will assure this court and pre-trial services that there will be no internet access at the home or any computer devices. Randy will not have access to a cell phone and his cell phone line has been discontinued. He will have limited transportation and will only have transportation when his father is present. Randy's uncle Gilberto Montante is a retired Navy veteran and can also aid with this monitoring of Randy.

Mr. Montante has all of his family in the Detroit area including Canton, Plymouth and Detroit. While his father is retired, Randy's mother is a nurse.

The defendant has no criminal history of any type. No police contact and no psychiatric history.

The defense argues that there are combination of conditions that this Court can impose during including home detention, frequent reporting and oversight by the pre-trial services, a third-party custodian and any other terms and conditions that will ensure his appearance and the safety of the community.

6

## II.

## STANDARD OF REVIEW

Title 18 U.S.C. § 3145(c) provides that review of the detention order upon motion of the defendant "be determined promptly".   On such an appeal, the District Court will conduct a de novo review of the bond issue.  United States v. Hazime, 762 F.2d 34 (6th Cir. 1985).  In Hazime, the Sixth Circuit explained:

> This court does not conduct evidentiary hearings and hear witnesses, and we will not disturb the factual findings of the District Court and magistrate in pretrial hearings unless we determine those findings to be clearly erroneous. Our standard in reviewing mixed questions of law and fact and the legal conclusions of District Court, however, remains that of de novo consideration... Id. at 37.

The district court must ultimately decide the issue of detention without deference to the magistrate judge's conclusion. United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990).  The district court should conduct a de novo review of the findings of fact underlying the initial detention Order.  United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985); United States v. Maull, 773 F.2d 1479, 1481 (5th Cir. 1985); United States v. Yamini, 91 F. Supp. 2nd 1125 (S.D. Ohio 2000).

Title 18 U.S.C. §3142(e) provides that detention is appropriate only where the court finds that no condition or combination of conditions reasonably ensure the appearance of the person as required and the safety of any other person or the community.   This section is based on the understanding "that in our society, liberty is the norm and detention prior to trial, or without trial, is the carefully

limited exception." <u>United States v. Bell</u>, 673 F. Supp. 1429, 1430 (E.D. Mich. 1987), citing United States v. Salerno, 107 S.Ct. 2095 (1987).

Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial.  <u>United States v. Orta</u>, 760 F.2d 887, 891 (8th Cir. 1985). The structure of the statute mandates every form of release be considered before detention may be imposed.  Id. at 892.  Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant.  <u>United States v. Tortora</u>, 922 F.2d 880, 887 (1st Cir. 1990).

**III.**

**ALTERNATIVES TO INCARCERATION**

1.  Release on Conditions

Defendant should be granted release on conditions under 18 U.S.C. §3142(c) because there are conditions of release that will ensure that he does not pose a danger to the community and these conditions will sufficiently ensure his appearance at future court proceedings.

18 U.S.C. § 3142(c) provides for release on conditions.  The section provides:

(1) If the judicial officer determines that the release described  in subsection   (b) of  this  section  will  not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person –
(A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release; and (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person –

(i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court.      (iv) abide by specified restrictions on personal association, place of abode, or travel; (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency; (vii) comply with a specified curfew; (viii) refrain from possessing a firearm, destructive device, or other dangerous weapon; (ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance; (xi) execute a bail bond with solvent sureties in such amount as is reasonably necessary to assure appearance of the person as required...

18 U.S.C. §3142(c) (emphasis added).

Mr. Montante is not a flight risk as has been all but conceded by the Government.

It is true that the offenses for which Randy Montante are charged, if convicted, carry mandatory prison.  However, Mr. Montante is presumed innocent. He has no criminal history and the allegations do not involve any suggestion of violence or physical contact with or towards any thirty party.

At the time of his arrest, there were no guns, weapons or any indication that Mr. Montante was a danger to himself or the community.

An electronic tether would assure the Court of the Defendant's compliance with home arrest with exception for visiting his attorney and pretrial services and that he would not pose a risk of flight and will ensure his presence at trial.

The electronic monitoring program enables a defendant to remain at home while allowing Pretrial Services to accurately monitor his movement.  This program stems from the Bail Reform Act's mandate that "if the judicial officer determines that release described in subsection (b) of this section [release on personal recognizance] will not reasonably assure the appearance of the person as required ... such judicial officer shall order the pretrial release of the person - subject to the

least restrictive further conditions or combination of conditions that such judicial officer determines will reasonably assure the appearance of the person as required." 18 U.S.C. §3142 (emphasis added).   The tether program requires a defendant to wear an electronic monitor and be available to call or accept calls from Pretrial Services for the duration of his home confinement.  The program also requires a "tethered" defendant to have a local phone number, have a state residence, and not have a cordless phone or answering machine (both of which interfere with the necessary electronic hook-up).

RANDY NIBUNGCO MONANTE has no assaultive history and no significant ties to any communities outside of Detroit, Michigan.  He has strong family ties to Michigan.   He intends on remaining in the Detroit area, returning to school and complying with all terms and conditions imposed.

## CONCLUSION

For all the foregoing reasons, the defendant, RANDY NIBUNGCO MONANTE, by and through his attorney, SANFORD A. SCHULMAN, requests this Honorable Court to grant him release with conditions.

In addition, with conditions that would restrict him to an address at his parents address, with a tether, and the condition that he report to Pretrial Services as directed, be placed on home detention, and travel restricted to the County of Oakland and Wayne, and an unsecured bond pending resolution of this matter.

These conditions would place Defendant under strict confinement which would ensure the safety of the community and his appearance at trial without jail-type incarceration.

WHEREFORE, Defendant RANDY NIBUNGCO MONANTE, respectfully requests that this Court hold a hearing and revoke the Order of Detention; and, instead, enter an Order releasing him to the third party custody who is prepared to act as his third-party custodian and allow him to live with her at his residence, on a tether, with conditions that he be under home arrest, seek and maintain employment or school and have his travel restricted and an unsecured bond pending resolution of this matter

Respectfully submitted,


s/Sanford A. Schulman
SANFORD A. SCHULMAN P-43230
Attorney for Defendant:
          RANDY NIBUNGCO MONANTE
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

Date:  September 12, 2016

11