UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                                            Case No.: 16-20576
                                            Honorable Stephen J. Murphy

RANDY NIBUNGCO MONTANTE,

    Defendant.
                                        /

MARGARET M. SMITH (P-71413)
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
313/226-9135
margaret.smith@usdoj.gov

CAMILLA BARKOVIC (P-78254)
(Proposed) Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
586/773-2120
camillabarkovic@gmail.com
                                        /

## **DEFENDANT'S MOTION FOR SUBSTITUTION OF COUNSEL**

NOW COMES Defendant, RANDY MONTANTE, and by way of motion, states as follows:

1.    Defendant was originally charged in connection with this matter with the following four (4) counts: (1) Production of Child Pornography, contrary to 18 U.S.C. § 2251(1)(a); (2) Coercion and Enticement of a Minor, contrary to 18 U.S.C. § 2422(b); (3) Receipt of Child Pornography, contrary to 18 U.S.C. § 2252A(a)(2); and (4) Possession of Child Pornography, contrary to 18 U.S.C. § 2252A(a)(5)(B).

2. Defendant entered a plea of guilty to Count 1 of the Indictment - to wit, Production of Child Pornography, in violation of 18 U.S.C. §2251(1)(a) - in or about February 2017.

3. Sentencing in this matter was originally scheduled for May 5, 2017. A stipulated order adjourning sentencing was entered on April 28, 2017, wherein this Court adjourned sentencing from May 5, 2017 to September 8, 2017. The reason(s) for the adjournment included the fact that counsel for the government would be on medical leave during the adjournment period, and further, the parties requested additional time to prepare for sentencing. Sentencing is currently scheduled for September 7, 2017.

4. Sanford Schulman was originally retained to represent the Defendant. Defendant has engaged the services of the undersigned counsel and wishes for the undersigned counsel to appear as counsel of record on his behalf forthwith.[1]

5. As confirmed by the annexed (proposed) Consent Order for Substitution, Defendant and prior counsel, Sanford Schulman, consent to the proposed substitution of counsel. However, Assistant United States Attorney Margaret Smith opposes the proposed substitution of counsel and declines to consent in the relief sought herein.

6. Accordingly, Defendant files the instant motion and hereby requests that this Court permit Camilla Barkovic to substitute in as attorney of record in place of Sanford Schulman.

7. Defendant (and the undersigned) acknowledge that sentencing is presently

---

1. The undersigned counsel is duly licensed to practice law in the State of New York and the State of Michigan. Further, counsel has been admitted to practice in the United States District Court for the Eastern District of Michigan.

2

scheduled for September 7, 2017.  While the requested substitution may result in a brief delay of proceedings, any such delay would be in the interests of justice.  Further, the substitution would not result in a substantial and/or unreasonable delay of proceedings.

WHEREFORE, Defendant requests that this Court permit Camilla Barkovic to substitute in as counsel on his behalf.

                                                                        /s/ Camilla Barkovic
CAMILLA BARKOVIC (P-78254)
25805 Harper Avenue
St. Clair Shores, Michigan 48081
E-mail: camillabarkovic@gmail.com
Telephone: 586/773-2120

Dated:        August 30, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No.: 16-20576
Honorable Stephen J. Murphy

RANDY NIBUNGCO MONTANTE,

    Defendant.

_____/

MARGARET M. SMITH (P-71413)
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
313/226-9135
margaret.smith@usdoj.gov

CAMILLA BARKOVIC (P-78254)
(Proposed) Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
586/773-2120
camillabarkovic@gmail.com
_____/

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUBSTITUTION OF COUNSEL

Defendant files the instant brief in support of his Motion for Substitution of Counsel. Defendant is currently represented by Sanford Schulman. Defendant has engaged the services of Camilla Barkovic and wishes for Camilla Barkovic to substitute in as counsel of record on his behalf. Defendant acknowledges that sentencing in this matter is scheduled for September 7, 2017. However, this matter involves serious consequences and the Defendant wishes to be represented by counsel of choice in all proceedings forthwith. Accordingly, Defendant requests that this Court grant his Motion for Substitution

of Counsel.

## APPLICABLE LAW AND ANALYSIS

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence," U.S. Const. amend. VI. An essential aspect of the right to counsel is a defendant's right to select counsel of his or her choice. Powell v. Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932) ("It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice"); Wheat v. United States, 486 U.S. 153, 158-159, 164; 108 S. Ct. 1692, 1700 (1988). A criminal defendant *presumptively* has the constitutional right to retained counsel of choice. Wheat, supra at 164 (noting that the Sixth Amendment creates a "presumption in favor of [defendants] counsel of choice.")

The Sixth Circuit Court of Appeals summarized the various facets of the Sixth Amendment right to counsel, including the right to retain counsel of choice, in Wilson v Mintzes, 761 F.2d 275 (6th Cir.1985):

> [A]lthough much sixth amendment jurisprudence has been concerned with the rights of indigent defendants, an accused who desires to and is financially able "should be afforded a fair opportunity to secure counsel of his own choice." Powell v. Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932); Crooker v. California, 357 U.S. 433, 439, 78 S.Ct. 1287, 1291, 2 L.Ed.2d 1448 (1958); Chandler v. Fretag, 348 U.S. 3, 10, 75 S.Ct. 1, 5, 99 L.Ed. 4 (1954) ("[A] defendant must be given a reasonable opportunity to employ and consult with counsel; otherwise, the right to be heard by counsel would be of little worth."); Glasser v. United States, 315 U.S. 60, 75, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942) ("Glasser wished the benefit of the undivided assistance of counsel of his own choice. We think that such a desire on the part of an accused should be respected."); Urquhart v. Lockhart, 726 F.2d 1316,

> 1319 (8th Cir.1984); United States v. Burton, 584 F.2d 485, 488-89 (D.C.Cir.1978), cert. denied, 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979) ("An essential element of the Sixth Amendment's protection of the right to the assistance of counsel is that a defendant must be afforded a reasonable opportunity to secure counsel of his own choosing."). Contra Rubio v. Estelle, 689 F.2d 533, 535 (5th Cir.1982). Therefore, "[w]hen a court unreasonably denies defendant counsel of choice, the denial can rise to the level of a constitutional violation." Birt, 725 F.2d at 592; United States v. James, 708 F.2d 40, 44 (2d Cir.1983). The denial of an accused's right to counsel of his choice "may so offend our concept of the basic requirements of a fair hearing as to amount to a denial of due process of law contrary to the Fourteenth Amendment...." Glasser, 315 U.S. at 70, 62 S.Ct. at 464.

Wilson, supra at 278-279.

"A trial court, acting in the name of calendar control, cannot arbitrarily and unreasonably interfere with a client's right to be represented by the attorney he has selected." Linton v. Perini, 656 F.2d 207, 209 (6th Cir.1981). Further, the prosecution has no right to deny a defendant in a criminal case representation by counsel of his choice in the absence of a showing that some important interest will be adversely affected by permitting chosen counsel to proceed. United States v. Phillips, 699 F.2d 798, 802 (1983).

As indicated by the aforementioned authorities, the Defendant has a constitutional right to counsel of choice. Defendant files the instant motion and requests that this Court allow substitute counsel to represent him in all further proceedings in connection with this matter. This is a serious matter and Defendant has legitimate reasons for seeking to substitute alternate counsel. Upon information and belief, there has been a breakdown in Defendant's relationship with current counsel.

It is the understanding of the undersigned that prior counsel negotiated a plea, whereby Defendant plead to the most serious charge contained within the Indictment

(Count 1 - Production of Child Pornography, 18 U.S.C. §2251(1)(a)), which mandates a mandatory minimum sentence of fifteen (15) years. In exchange for Defendant's plea to Count 1, the remaining three (3) (less serious) offenses were dismissed. An analysis of Defendant's Rule 11 indicates that there is an agreed upon guideline range of 262 (21 years) to 327 months (27.25 years). See Rule 11 Plea Agreement (February 2, 2017), ¶ 2(B). Further, the government has only provided a non-binding sentencing recommendation that the length of imprisonment not exceed the high end of the guideline range, which is approximately twenty-seven (27) years. See Rule 11, ¶ 3(A).

It appears that the plea may have been negotiated without any consideration of mitigating factors. The present disposition appears to be disproportional in light of the Defendant's age, background, personal characteristics, lack of any criminal history whatsoever, and the circumstances and nature of the instant offense.[1] It is relevant to note that Defendant has been evaluated by a psychiatrist and it has been determined that Defendant does not fit the profile of a pedophile. The current disposition would require the Defendant to spend a majority of his adult life incarcerated. He is not beyond rehabilitation and the severe consequences associated with the instant disposition do not appear to be proportional to his alleged criminal involvement. Accordingly, Defendant does not believe

---

2. The undersigned does not have access to the discovery materials at this time and therefore the following statements relating to the nature of the instant offense are made upon information and belief. The offense in question involved an online relationship between the Defendant and the complaining witness. Defendant met the complaining witness fortuitously on an internet site, which (upon information and belief) is intended for adults. A majority of the communications occurred while the Defendant was under the impression that the complaining witness was eighteen (18) years old. At the time the Defendant was advised of the true age of the complaining witness, he had already developed an emotional bond with her that was difficult, if not impossible, to break. Defendant did not have any physical contact with the complaining witness.

4

that the ends of justice would be served by the present disposition and wishes to substitute counsel in an attempt to re-negotiate an alternate, proportional disposition.

Defendant's request is not made for the purpose of unreasonably delaying the proceeding. Defendant does not believe that the government would be prejudiced by the substitution and it is not anticipated that the proposed substitution would impose any significant inconvenience to the government. Any delay associated with the substitution would be minimal. Upon information and belief, Defendant has not made any other attempts to delay this proceeding. Accordingly, the instant request is reasonable under the circumstances and would serve the ends of justice.

## CONCLUSION AND REQUESTED RELIEF

Defendant wishes to exercise his constitutional right to choice of counsel. Defendant's request is reasonable under the circumstances. Accordingly, Defendant requests that this Court grant his Motion for Substitution of Counsel.

CAMILLA BARKOVIC (P-78254)
25805 Harper Avenue
St. Clair Shores, Michigan 48081
E-mail: camillabarkovic@gmail.com
Telephone: 586/773-2120

Dated:   August 30, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2017, I electronically filed the foregoing documents with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record, including Assistant United States Attorney Margaret Smith.

CAMILLA BARKOVIC (P-78254)
25805 Harper Avenue
St. Clair Shores, Michigan 48081
E-mail: camillabarkovic@gmail.com
Telephone: 586/773-2120