UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,　　　　　　　　　　CRIMINAL NO. 16-cr-20576

v.　　　　　　　　　　　　　　　　HON. STEPHEN J. MURPHY

RANDY NIBUNGCO MONTANTE,

       Defendant.

---

**Government's Response to Defendant's Motion for Substitution of Counsel (Doc. 35)**

---

For the reasons stated in the government's brief, this Court should deny Montante's motion for substitution of counsel.

                                                Daniel L. Lemisch
                                                Acting United States Attorney

                                                s/ Margaret M. Smith
                                                MARGARET M. SMITH
                                                Assistant United States Attorney
                                                211 W. Fort Street, Suite 2001
                                                Detroit, MI  48226
                                                Phone:  (313) 226-9135
Dated: August 31, 2017                E-Mail: margaret.smith@usdoj.gov
                                                Bar No. P71413

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                   CRIMINAL NO. 16-cr-20576

v.                                             HON. STEPHEN J. MURPHY

RANDY NIBUNGCO MONTANTE,

      Defendant.

---

**Government's Brief in Support of its Response to
Defendant's Motion for Substitution of Counsel
(Doc. 35)**

---

      Defendant Randy Montante pleaded guilty to producing and attempting to produce child pornography on February 1, 2017.  Now, eight months later, and less than a week before sentencing, he seeks the Court to allow him a third attorney, for the sole purpose of attempting to renegotiate a Rule 11 plea agreement that is not open to renegotiation.  The United States is unwilling to revisit this deal, and there is no basis for defendant to move to withdraw from his agreement. The important interest in the victim's right to proceedings free from unwarranted delays, 18 U.S.C. § 3771, should prevail.  This Court should deny defendant's motion.

I.       **Background and Procedural History**

On August 10, 2016, FBI arrested Montante on a criminal complaint, charging him with various child exploitation crimes. The magistrate court appointed the Federal Defender's Office to represent Montante. (Doc. 4). A detention hearing ensued, and the magistrate judge ordered Montante detained pending trial. (Doc. 7). Apparently unsatisfied with the result, Montante hired private counsel, Sanford Schulman. (Doc. 9). Mr. Schulman promptly filed a motion to revoke the detention order, which this Court denied. (Doc. 14, 19).

Mr. Schulman represented Montante through the course of plea negotiations. In support of a request for the United States to consider mitigating factors for Montante, Mr. Schulman provided a psychological evaluation by Dr. Gerald Shiener. Undersigned counsel and Mr. Schulman had numerous conversations regarding Montante and a plea agreement. After careful consideration of all the relevant facts, the government offered a Rule 11 plea agreement to allow Montante to plead to one count of production of child pornography. As part of the agreement, the government would move to dismiss the remaining counts in the indictment (one of which carried a statutory maximum of life imprisonment) at sentencing.

The sentencing hearing in this case was adjourned once, upon agreement of both parties, to allow additional time to prepare for sentencing, and because undersigned counsel was on unavoidable medical leave. The victim's family

specifically approved the delay in order to maintain undersigned counsel's appearance on the case.

On August 18, 2017, Mr. Schulman filed a sentencing memorandum on behalf of Montante. This memorandum included the psychological evaluation, as well as letters of support from Montante's family and friends.

## II. Law and Argument

The defendant's motion appears before this Court on the basis of Local Rule 57.1, which states that:

(a) An attorney, whether retained or appointed, who enters a post-indictment appearance shall continue to represent the defendant until the case is dismissed, the defendant is acquitted, or the direct appeal is completed unless the attorney is granted leave to withdraw by the District Court or the Court of Appeals if notice of appeal has been filed.

(b) An attorney who has appeared in a criminal case may thereafter withdraw only by written motion served upon the defendant personally or at the defendant's last-known address and upon all other parties. The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice.

Attorney Sanford Schulman has not moved to withdraw, but has agreed to a substation of counsel, if the Court grants the pending motion.

### A. The constitutional right to choose your own counsel is not an absolute right.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." The Supreme Court has concluded that language encompasses a defendant's right to "choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). But, there is a common-sense principle that the right is "not absolute" and it "does not give an accused the power to manipulate his choice of counsel to delay the orderly progress of his case." *United States v. Robinson*, 20 F.3d 270, 275 (7th Cir. 1994).

Granting a substation of counsel would necessarily require a motion for continuance of the proceedings. A district court's denial of a motion for continuance, which would be necessary here if the Court granted the substitution, is reviewed under abuse of discretion by the Sixth Circuit. *United States v. Forero*, 961 F.2d 1579 (6th Cir. 1992) (unpublished). The abuse of discretion must be so arbitrary and fundamentally unfair that it denies the defendant due process. *Id. Forero* is instructive, here.

In *Forero*, the defendant sought a motion for continuance of trial so that the defendant could hire another attorney. The district court denied the motion for continuance, and defendant proceeded to trial with the same attorney. The Sixth Circuit affirmed, holding that the potential inconvenience to the court, litigants, and

the witnesses was substantial, and the defendant's "last minute wish for a different lawyer or different defense analysis, after having several months to work these matters out, does not present the type of injustice or deprivation of due process mandating the granting of the continuance." *Id.*

Here, Montante's wish for new counsel is nothing but an attempt to delay the inevitable: a sentencing hearing, and his own movement into the Bureau of Prisons. As will be discussed below, there is nothing left to do on this case except argue at the sentencing hearing, and complete the restitution process for the victim. Defendant has pleaded guilty. His attorney has already filed his sentencing memorandum with the Court. Sentencing is scheduled for September 7 – one week from the day of the request to substitute. The victim, and the public, have a right to an efficient use of the judicial process, and a speedy resolution. In short, the rights afforded victims under the Crime Victim's Rights Act trump the defendant's desire to attempt to undo his plea.

To be clear: counsel does not seek to substitute in to make better sentencing arguments. Counsel seeks to come into the case to start from scratch. This, she cannot do.

### B. Montante seeks new counsel to attempt to renegotiate a plea that is not open to renegotiation.

Montante intends to have Ms. Barkovic "attempt to re-negotiate an alternate, proportional disposition" of his case. But this effort would be nothing more than a fool's errand, a waste of economic resources, and judicial time. The United States will not "re-negotiate" this plea agreement.

Because the Rule 11 remains "as-is," the only avenue Montante could possibly explore would be to file a motion to withdraw from the Rule 11, and proceed to trial. Because the Court already accepted Montante's plea of guilty, Rule 11(d) of the Federal Rules of Criminal Procedure governs the withdrawal of guilty pleas. Rule 11(d) provides, in pertinent part:

> A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal.

This is true even where the court defers acceptance of the actual Rule 11 agreement. *United States v. Hyde*, 520 U.S. 670 (1997).

The purpose of this Rule "is to allow a hastily entered plea made with unsure heart and confused mind to be undone." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). The defendant has the burden of demonstrating a proper ground for withdrawal. *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004). A defendant who makes a tactical decision to plead guilty, waits several weeks, and then decides he has made a bad decision and changes his mind, has not

established a fair and just reason to withdraw. *United States v. Ellis*, 470 F.3d 275, 280-81 (6th Cir. 2006).

In deciding whether a defendant has demonstrated a fair and just reason to permit withdrawal under Rule 11(d), the district court, in its broad discretion, may consider the following factors: (1) the length of time between the plea and the motion to withdraw the plea; (2) the reason for not moving to withdraw the plea earlier; (3) whether the defendant has asserted and maintained his innocence; (4) the circumstances underlying the entry of the plea; (5) the defendant's nature and background; (6) the defendant's prior experience with the criminal justice system; and (7) the potential prejudice to the government. *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded on other grounds by statute as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). No one factor controls; the list is general and nonexclusive. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The relevance of each factor will vary according to the "circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987).

Montante makes no mention of any legal basis he might have to withdraw from his guilty plea, likely because he has none. Six months have passed since Montante entered his guilty plea. The Sixth Circuit has consistently upheld district court decisions rejecting plea withdrawal motions where the strongest factor is the passage of time. *See United States v. Quinlan,* 473 F.3d 273 (6th Cir. 2007)

(collecting cases). Montante has never asserted his innocence. In fact, he confessed the morning he was arrested, and again during his plea colloquy in this Court. There is no evidence that the plea was involuntary, coerced, or that Montante failed to appreciate the deal. Montante is college educated and understood the nature of the plea. Finally, the United States would be prejudiced if allowed to withdraw because we will have lost a year since the arrest. This means witnesses' memories are a year older, and the victim and her family, who have already been told they will not have to take the witness stand, will be re-traumatized by turning back the clock again.[1]

Because there exists no basis to allow Montante to withdraw from the Rule 11 plea agreement, there is no reason to allow for substitution of counsel for the sole purpose of attempting to undo a Rule 11 that is not open for discussion. While Montante states that "upon information and belief" there is a breakdown with Mr. Schulman, there is no evidence as to any breakdown.

Montante may be unhappy with his plea agreement, but that disappointment does not weigh heavier than the victim's rights to a speedy resolution under the Crime Victim's Rights Act. The victim's family objects to any further delay of proceedings in this case.

### C. Justice will not be served by allowing a substitution on the eve of sentencing.

---

[1] Moreover, a successful motion to withdraw from the plea – which Montante does not appear to want to do – would expose him to an even harsher sentencing range, with a life maximum on one of his counts.

Allowing Montante to stall the proceedings at this stage is not in the interest of justice. The facts that Montante has proffered to the Court that he believes weigh in favor of mitigation (e.g., the Dr. Shiener report, defendant's age, background, etc.) were already presented to this Court in Mr. Schulman's sentencing memorandum. And the fact that the Rule 11 plea agreement contains a non-binding recommendation for sentencing is a result of this Court's practice guidelines, not a poorly negotiated plea agreement. (*See*, Practice Guidelines for Judge Stephen J. Murphy, III, www.mied.uscourts.gov).

Mr. Schulman, who has years of federal criminal defense experience with the U.S. Attorney's Office and the undersigned counsel, negotiated the best deal he could on behalf of his client. Montante's disappointment with the outcome of his criminal actions does not form a basis to delay these proceedings any further.

### III. Conclusion

Montante's motion should be denied, and sentencing should take place on September 7, 2017, as scheduled.


Respectfully submitted,

Daniel L. Lemisch
Acting United States Attorney

s/Margaret M. Smith
Margaret M. Smith

10

Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Phone: (313) 226-9135
e-mail: margaret.smith@usdoj.gov

Dated:   August 31, 2017

## Certificate of Service

I certify that on August 31, 2017, I filed Government's Response to Defendant's Motion for Substitute of Counsel, with the Clerk of the Court of the Eastern District of Michigan, using the ECF system, which will send notification of such filing to the following:

Sandford A. Schulman
email:saschulman@comcast.net

and

Camilla Barkovic
camilabarkovic@gmail.com

          s/*Margaret M. Smith*
          Assistant U.S. Attorney
          United States Attorney's Office