UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                         Case No.: 16-20576
vs.                              Honorable Stephen J. Murphy

RANDY NIBUNGCO MONTANTE,

        Defendant.

_____/

MARGARET M. SMITH (P-71413)
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
313/226-9135
margaret.smith@usdoj.gov

CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
586/773-2120
camillabarkovic@gmail.com

_____/

## DEFENDANT'S MOTION TO WITHDRAW PLEA

NOW COMES Defendant, RANDY MONTANTE, and by way of motion, states as follows:

1.     Defendant was originally charged in connection with this matter with the following four (4) counts: (1) Production of Child Pornography, contrary to 18 U.S.C. § 2251(1)(a); (2) Coercion and Enticement of a Minor, contrary to 18 U.S.C. § 2422(b); (3) Receipt of Child Pornography, contrary to 18 U.S.C. § 2252A(a)(2); and (4) Possession of Child Pornography, contrary to 18 U.S.C. § 2252A(a)(5)(B).

2.  Defendant entered a plea of guilty to Count 1 of the Indictment - to wit, Production of Child Pornography, in violation of 18 U.S.C. §2251(1)(a) - on or about February 2, 2017.  The offense in question requires the imposition of a mandatory minimum sentence of fifteen (15) years.  In exchange for the Defendant's plea to Count 1, the United States Attorney's Office agreed to dismiss the remaining three (3) (less serious) charges.

3.  Sentencing in this matter is scheduled for November 30, 2017.

4.  Defendant files the instant motion and hereby requests that this Court allow him to withdraw his plea for the reasons set forth in the annexed Memorandum.

5.  A "fair and just reason" exists to permit withdrawal of the plea by the Defendant under Federal Rule of Criminal Procedure 11(d)(2)(B). Accordingly, withdrawal is permissible and appropriate under the circumstances.

WHEREFORE, Defendant requests that this Court allow the Defendant to withdraw the guilty plea previously entered in this matter.

CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
E-mail: camillabarkovic@gmail.com
Telephone: 586/773-2120

Dated:      October 18, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Case No.: 16-20576
        Honorable Stephen J. Murphy

RANDY NIBUNGCO MONTANTE,

        Defendant.

_____/

MARGARET M. SMITH (P-71413)
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
313/226-9135
margaret.smith@usdoj.gov

CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
586/773-2120
camillabarkovic@gmail.com

_____/

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW PLEA

### INTRODUCTION

Defendant files the instant brief in support of his Motion to Withdraw Plea. Defendant seeks to withdraw his plea pursuant to Fed. R. Crim. P. 11(d)(2)(B). A "fair and just reason" exists to permit withdrawal of the plea by the Defendant under the circumstances. Accordingly, for the reasons set forth herein, Defendant requests that this Court grant his Motion to Withdraw Plea and allow the Defendant to withdraw his guilty plea.

## FACTUAL/PROCEDURAL BACKGROUND

Defendant was originally charged in a four (4) count Indictment with the following offenses: (1) Production of Child Pornography, contrary to 18 U.S.C. § 2251(a); (2) Coercion and Enticement of a Minor, contrary to 18 U.S.C. § 2422(b); (3) Receipt of Child Pornography, contrary to 18 U.S.C. § 2252A(a)(2); and (4) Possession of Child Pornography, contrary to 18 U.S.C. 2252A(a)(5)(b). (See Dkt. 10.)

The government alleged that the Defendant had been communicating electronically with MV-1, a minor, over the course of approximately six (6) months (February 2016 - July 2016) and that, during this period in time, MV-1 had sent the Defendant nude photographs and/or live-streams/videos depicting MV-1 without clothing. It is relevant to note that, upon information and belief, MV-1 purported to be an eighteen (18) year old female throughout the entire course of her online relationship with the Defendant. MV-1 and the Defendant developed an emotional bond and, upon information and belief, engaged in various discussions that were not sexually oriented. It was not until the Defendant was confronted by MV-1's mother on or about July 22-23, 2016 that the Defendant was apprised of the true age of MV-1.

Defendant eventually ceased communication with MV-1 for a period of several days following the above-described confrontation. A law enforcement officer subsequently assumed the online identity of MV-1 and reinitiated contact with the Defendant via electronic means on or about August 2, 2016. Defendant and the law enforcement officer acting as MV-1 continued to communicate through August 6, 2016. The communications consisted of online messages only. It is alleged that Defendant made certain inappropriate statements, which may be construed as request(s) for illicit material, during these

2

conversations.    No images/videos were exchanged during these communications.

Defendant was subsequently arrested and charged in the instant proceeding.

Defendant entered a plea of guilty to Count I of the Indictment - Production of Child

Pornography, contrary to 18 U.S.C. § 2251(a) - and tendered a Rule 11 Plea Agreement

on or about February 1, 2017.  (See Dkt. 25.)  Simply stated, Defendant plead guilty to the

most serious charge contained within the Indictment - to wit, Count 1 - Production of Child

Pornography, 18 U.S.C. §2251(1)(a) - which carries a mandatory minimum sentence of

fifteen (15) years.  In exchange for Defendant's plea to Count 1, the remaining three (3)

(less serious) offenses were dismissed.  An analysis of Defendant's Rule 11 indicates that

the agreed-upon guideline range is 262 months (21 years) to 327 months (27.25 years).

(See Dkt. 25, ¶ 2(B).)

Sentencing in this matter was originally scheduled for May 5, 2017.  A stipulated

order adjourning sentencing was entered on April 28, 2017, wherein this Court adjourned

sentencing from May 5, 2017 to September 8, 2017.  (See Dkt. 28.)  The reason(s) for the

adjournment included the fact that counsel for the government would be on medical leave

during the adjournment period, and further, the parties requested additional time to prepare

for sentencing.  Sentencing was adjourned to September 7, 2017. (See Dkt. 28.)

Defendant was represented by different counsel - Sanford Schulman - throughout

the critical portions of the instant proceeding, including all stages relevant to the

negotiation, and taking, of the plea.  Defendant engaged the services of the undersigned

in or about late August 2017 and the undersigned sought to substitute in as counsel of

record.  The United States Attorney's Office opposed the substitution, and therefore, the

undersigned filed a Motion for Substitution of Counsel with this Court on or about August

3

30, 2017. (See Dkt. 35.) This Court entered an order on September 6, 2017, wherein the Court granted the proposed substitution of counsel and adjourned the sentencing hearing to November 30, 2017. (See Dkt. 37.)

The undersigned counsel immediately requested full and complete discovery from the United States Attorney's Office and requested a copy of the Defendant's complete file from prior counsel. Following a review of the discovery materials and other materials obtained in connection with this matter, the undersigned counsel determined that certain items, which appear to be directly relevant to the defense of this matter, were not included within the discovery materials provided by the government. The undersigned counsel requested an in-person meeting with Assistant United States Attorney Margaret Smith to discuss discovery and the government's position with respect to this matter. This meeting was held on October 6, 2017.

It has become apparent to the undersigned counsel that certain essential items of discovery were not disclosed, nor provided, to the Defendant (or, upon information and belief, obtained prior defense counsel) prior to the entry of the plea, including: a full and complete copy of communications between Defendant and MV-1, a copy of Defendant's recorded interview, copies of the recorded interview(s) of MV-1, the full and complete forensics from MV-1's phone and other electronic devices, and the full and complete forensics from Defendant's electronic devices.

The undersigned counsel has demanded production of any and all discovery relating to this matter, including the items referenced above. The government has indicated that the undersigned counsel may come to the United States Attorney's Office to review the interview of MV-1, the forensic reports of Defendant's electronics, and the videos and

images listed in the criminal complaint from MV-1's phone.  However, the government has refused to permit defense counsel to access MV-1's phone and the full and complete forensic reports from MV-1's electronic devices.  This discovery is necessary and essential, as it may establish the existence of potential defense(s) or otherwise assist the Defendant in this matter.

It has become apparent, based on the information provided, that a full and complete investigation into this matter may not have been conducted by prior counsel prior to the plea, that Defendant was not fully informed as to the evidence or merits of the allegations against him, and that, under such circumstances, the Defendant's plea was not knowingly, intelligently, and voluntarily made.  Accordingly, for the reasons set forth herein, Defendant hereby requests that this Court authorize him to withdraw his guilty plea.

<u>APPLICABLE LAW AND ARGUMENT/ANALYSIS</u>

I.      **STANDARD FOR WITHDRAWAL OF A GUILTY PLEA UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 11(d)(2)(B)**

Federal Rule of Criminal Procedure 11(d) provides the standard for withdrawal of a guilty plea.  Rule 11 specifically provides:

> **(d) Withdrawing a Guilty or Nolo Contendere Plea**. A defendant may withdraw a plea of guilty or nolo contendere:
>
> > (1) before the court accepts the plea, for any reason or no reason; or
> >
> > (2) after the court accepts the plea, but before it imposes sentence if:
> >
> > > (A) the court rejects a plea agreement under Rule 11(c)(5); or
> > >
> > > (B) the defendant can show a fair and just reason for requesting the

5

withdrawal.

Whether to grant a motion for withdrawal of a plea is within the district court's discretion. See United States v. Mader, 251 F.3d 1099, 1105 (6th Cir. 2001); United States v. Valdez, 362 F.3d 903, 912 (6th Cir. 2004) ("The permission to withdraw a guilty plea prior to sentencing is a matter within the broad discretion of the district court," and is reviewed on appeal for abuse of discretion.) The Sixth Circuit has directed district courts to consider the totality of the circumstances and the following general, non-exclusive "multifactor balancing test" to decide whether to grant a motion to withdraw a guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

United States v. Haygood, 549 F.3d 1049, 1052 (6th Cir. 2008) (quotation omitted); see also, United States v. Bashara, 27 F.3d 1174, 1181 (6th Cir.1994). The aforementioned factors "are a general, non-exclusive list and no one factor is controlling." United States v. Bazzi, 94 F.3d 1025, 1027 (6th Cir.1996) (per curiam); United States v. Ellis, 470 F.3d 275, 281 (6th Cir. 2006). "The relevance of each factor will vary according to the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." Haygood, 549 F.3d at 1052.

In this case, the Court has already accepted Defendant's guilty plea and the plea agreement is not a Rule 11(c)(5) agreement; therefore, Defendant must show a "fair and

just reason" in order to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). This rule is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant `to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir.1991), cert. denied, 502 U.S. 1117, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992) (citation omitted).

II.    A "FAIR AND JUST REASON" EXISTS TO PERMIT THE DEFENDANT TO WITHDRAW HIS GUILTY PLEA UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 11(d)(2)(B). ACCORDINGLY, THIS COURT SHOULD PERMIT THE DEFENDANT TO WITHDRAW HIS GUILTY PLEA.

As indicated by the following, an analysis of the totality of the circumstances and the above-referenced factors supports a finding that a "fair and just reason" for withdrawal exists. Accordingly, withdrawal of Defendant's plea is appropriate and permissible under Fed. R. Crim. P. 11(d), and therefore, this Court should grant Defendant's Motion for Withdrawal of Plea.

A.    THE AMOUNT OF TIME THAT ELAPSED BETWEEN THE PLEA AND THE MOTION TO WITHDRAW THE PLEA

The first factor is the amount of time that elapsed between the plea and the motion to withdraw it. In considering this factor, the relevant time period is the length between the plea and "the motion to withdraw it." United States v. Ellis, 470 F.3d at 281. "[A] defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." United States v. Dixon, 479 F.3d 431, 436 (6th Cir. 2007), quoting United States v. Baez, 87 F.3d 805, 808 (6th Cir. 1996).

Defendant plead guilty on or about February 1, 2017 and filed the instant motion on

October 16, 2017. Defendant acknowledges that several months have elapsed since the date of the plea. However, the delay in the instant matter was justified. Defendant requests that the Court take the justification for the delay into account when assessing this factor.

Defendant was represented by Mr. Schulman prior to, and following, the entry of the plea in this matter. Upon information and belief, Defendant plead guilty pursuant to the advice and recommendation of prior counsel and continued to be represented by him for several months. During this period in time, it appears that prior counsel focused his representation on mitigation as opposed to addressing the underlying claim(s) against Defendant.

Defendant engaged the services of the undersigned counsel in anticipation of the September 7, 2017 sentencing hearing. The undersigned counsel immediately sought to obtain a full and complete copy of all discovery materials, so that counsel could develop a full appreciation and understanding of this matter and the extent and nature of evidence against the Defendant, and further, so that counsel could properly advise the Defendant as to available courses of action. Following a review of the discovery materials provided to date and a meeting with the government, it has become apparent to new counsel that Defendant received no real benefit in connection with the negotiated plea, that the severe consequences associated with the negotiated plea do not appear to be proportional to Defendant's alleged criminal involvement, that prior counsel may not have been aware of, and/or did not provide the Defendant with, a full and complete copy of all discovery/evidence relevant to the defense of this instant matter, that the Defendant was not fully aware of the extent or nature of evidence against him, and further, that the

8

Defendant lacked a full appreciation or understanding of this matter at the time of his plea.[1]

Defendant sought to withdraw his plea promptly after discussing the instant matter with new counsel following counsel's review of discovery. This is not a case of "buyer's remorse." Rather, this is a case where Defendant, throughout his representation by prior counsel, was not fully aware of the extent and nature of the evidence against him and potential defense(s) to the allegation(s). Defendant has never before been involved in a criminal proceeding and relied upon the advice of prior retained counsel, which was premised on incomplete discovery, in accepting the plea offer. Accordingly, although the delay in this matter was significant, the delay was justified under the circumstances. Therefore, Defendant would contend that this factor does not weigh against Defendant.

**B.      THE PRESENCE OR ABSENCE OF A VALID REASON FOR FAILING TO MOVE FOR WITHDRAWAL EARLIER IN THE PROCEEDINGS**

The next factor for the Court to consider is whether any delay in Defendant's filing of a motion to withdraw his guilty plea is justified. As indicated above, the Defendant continued to be represented by Mr. Schulman, the same attorney who negotiated the plea and advised the Defendant to plead guilty, for several months after the plea was accepted

---

1.      Defense counsel still has not been provided with full and complete discovery. For instance, the government has expressly refused to provide Defendant with records regarding the forensics performed on MV-1's electronic devices. It is essential that counsel be provided with such discovery, as it may contain information/items that may be relevant to the defense of the instant matter. For instance, the government has only provided the Defendant with what appears to be a few communications between Defendant and MV-1 and documents indicating that MV-1 had inappropriate photographs and videos on her phone. Defendant has not been provided with documents, records, or other items which would confirm or indicate that the Defendant expressly requested that MV-1 engage in sexually explicit conduct, record the same, and send the same the Defendant, prior to police involvement. Defendant has no records indicating the circumstances under which such recordings/photographs on MV-1's devices were created, whether such recordings/photographs were created pursuant to the request(s) of other individuals, and who MV-1 may have sent any such photographs/recordings to. Further, the government has made statements, which seemingly indicate to defense counsel that there may be relevant other-act evidence contained MV-1's devices, which may prove to be exculpatory in nature.

9

by this Court.  Defendant has no prior involvement with the criminal justice system and was

not aware that he could withdraw his plea.  It was not until Defendant consulted with the

undersigned counsel (following counsel's review of materials relating to this matter) that

it became apparent that there are outstanding discovery issues, that the Defendant may

have lacked a full appreciation of the nature and extent of the evidence against him at the

time of the plea, and that prior counsel may have advised Defendant to plead guilty to the

most serious charge contained within the Indictment without having reviewed, obtained,

and/or disclosed to the Defendant all relevant evidence/discovery.   Further, upon

information and belief, it appears that the Defendant was never apprised as to potential

problem(s), issue(s), or weakness(es) with the government's case or as to any potential

practical or legal defense(s) available to the Defendant should he wish to contest this

matter.   Instead, it appears that prior counsel advised the Defendant to plead guilty and

exclusively focused his efforts on "mitigation."  Accordingly, a valid reason exists for the

failure of the Defendant to move for withdrawal earlier in the proceeding.

C.     **WHETHER THE DEFENDANT HAS ASSERTED OR MAINTAINED HIS
       INNOCENCE**

The third factor is whether the Defendant has asserted or maintained his innocence.

Defendant was not ever provided with an opportunity to assert or maintain his innocence.

Upon information and belief, Defendant plead guilty pursuant to the advice of prior counsel

and was informed by prior counsel that it was in Defendant's best interest to plead guilty

and to refrain from contesting the matter, as the Defendant was "older" and "should have

known better."  Again, Defendant has no prior experience with the criminal justice system

and unquestionably relied on the advice of counsel.

10

Further, upon information and belief, prior counsel did not discuss potential defenses with the Defendant and did not meaningfully discuss the prospect of trial with the Defendant. Accordingly, defense(s) to, or issue(s) with, the government's case were never explored and therefore Defendant was unaware as to whether or not asserting innocence was appropriate under the circumstances. Under these circumstances, Defendant's failure to assert his innocence should not be considered to militate against his request for withdrawal.

### D. THE CIRCUMSTANCES UNDERLYING THE ENTRY OF THE GUILTY PLEA

The circumstances underlying the entry of the guilty plea comprise the next factor which the Court must consider. In this case, Defendant should be permitted to withdraw his plea because it appears that prior counsel may have failed to investigate the sufficiency of the evidence against Defendant and may have failed to obtain (and/or disclose to the Defendant) full and complete discovery. Upon information and belief, prior counsel may not have adequately explored all of the various options available to Defendant in connection with this proceeding and failed to ensure that Defendant was fully informed as to the nature, extent, and merit of the government's case against him. Defendant may have valid defense(s) (practical and/or legal) and/or there may be issue(s) with the prosecution's case. Under these circumstances, it cannot be said that Defendant voluntarily and intelligently entered into the plea, and therefore, the plea may be deemed invalid. See United States v. Dixon, 479 F.3d at 435 ("A guilty plea is invalid if it is not entered knowingly, voluntarily, and intelligently by the defendant."); United States v. McCreary-Redd, 475 F.3d 718, 723 (6th Cir.2007) (citations omitted) ("[B]ecause a guilty

11

plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."); U.S. v. Ruiz, 536 U.S. 622, 629 (2002) (citations omitted) (The Constitution requires "that the defendant enter a guilty plea that is `volunt ary' and that the defendant must make related waivers `knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'")

Further, it appears that the plea may have been negotiated without any consideration of mitigating factors. The negotiated resolution of this matter by prior counsel involved the Defendant pleading to the most serious charge contained within the Indictment - Count 1 - Production of Child Pornography, 18 U.S.C. §2251(1)(a) - which mandates a mandatory minimum sentence of fifteen (15) years. In exchange for Defendant's plea to Count 1, the remaining three (3) (less serious) offenses were dismissed. The Defendant's agreed-upon guideline range is 262 months (21 years) to 327 months (27.25 years). See Rule 11 Plea Agreement (February 2, 2017), ¶ 2(B).

The present disposition appears to be disproportional in light of the Defendant's age, background, personal characteristics, lack of any criminal history whatsoever, and the circumstances and nature of the instant offense. The negotiated disposition would require the Defendant to spend a majority of his adult life incarcerated. In fact, if Defendant is sentenced to the bottom of his guideline range, he would be forty-five (45) at the time he is released from incarceration. Defendant is not beyond rehabilitation and the severe consequences associated with the instant disposition do not appear to be proportional to

his alleged criminal involvement.[2]   Defendant does not believe that the ends of justice would be served by the present disposition.   Simply stated, it appears that meaningful negotiations did not take place and that Defendant received no benefit in exchange for his guilty plea.   Accordingly, Defendant contends that a plea withdrawal is appropriate under the circumstances.

### E.      THE NATURE AND BACKGROUND OF THE DEFENDANT

An analysis of the Defendant's nature and background further supports a withdrawal of the plea.   Defendant is twenty-four (24) years old.   He graduated from Divine Child High School and was attending the University of Michigan (Dearborn) at the time of his arrest. Defendant had earned a GPA of 2.19 at the University of Michigan (Dearborn).   Defendant was evaluated by Gerald Shiener, M.D., in connection with this proceeding, and Dr. Shiener characterized the Defendant as "immature" and noted that, despite the fact that the Defendant was a college student, he continued to reside in his family home.   The Defendant's mother and father are from the Philippines and his family is not familiar with the criminal justice system.   Additionally, there is no evidence that the Defendant has ever before engaged in any sort of other illicit or unlawful conduct.

### F.      DEFENDANT'S PRIOR EXPERIENCE WITH THE CRIMINAL JUSTICE SYSTEM

"The Court should determine under this factor whether defendant is `a novice' to or `familiar with' the criminal justice system." United States v. Spencer, 836 F.2d 236, 239 (6th Cir.1987) (quoting United States v. Kirkland, 578 F.2d 170, 171-72 (6th Cir.1978)).

---

2.      A thorough psychiatric evaluation of the Defendant was conducted by Gerald Shiener, M.D., on or about November 18, 2016 in connection with this matter.  Dr. Shiener has opined that Defendant is "not a pedophile" and "does not represent any risk to the community."

Defendant has no criminal history whatsoever.  The instant matter represents his first and only involvement in a criminal proceeding.  Defendant has no practical legal knowledge and lacks any meaningful familiarity with the stages of a federal criminal proceeding. Defendant simply relied on the advice of retained counsel in connection with all aspects of the instant matter.  Accordingly, Defendant's lack of prior experience with the criminal justice system weighs in favor of withdrawal.

## G. POTENTIAL PREJUDICE TO THE GOVERNMENT IF DEFENDANT'S MOTION TO WITHDRAW IS GRANTED

The final factor for the Court's consideration is the potential prejudice to the government if the motion to withdraw is granted.  However, the Court need not consider this factor unless defendant establishes a fair and just reason for vacating the plea. United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir. 1991).

Defendant contends that he has established a "fair and just reason" for allowing the Defendant to withdraw the plea and that the government would not be prejudiced if the withdrawal were permitted.  The government's position is not materially affected by the withdrawal.  There has been no showing that key witnesses are no longer available or that the delay resulting from the withdrawal will harm the ability of any witness to testify truthfully and accurately.  A withdrawal would not result in the wasting of government resources or judicial resources.  It is not as if the Defendant previously attempted to proceed to trial and the government had already expended resources or extensive efforts in preparing to try the case. See, e.g., United States v. Murray, 66 Fed.Appx. 600, 605 (6th Cir.2003) (finding prejudice when defendant's trial was underway before he entered his plea and defendant waited nine weeks to attempt to withdraw his plea).  Further, the fact

14

that the withdrawal of the plea may result in the government having to expend time and expenses associated with trial does not generally constitute prejudice, as the government always has to spend time and money trying a case.  See United States v. Valdez, 362 F.3d 903, 913 (6th Cir. 2004).

## CONCLUSION AND REQUESTED RELIEF

As indicated by the aforementioned analysis, Defendant has demonstrated the existence of a "fair and just reason" to allow him to withdraw his plea.  An analysis of the totality of the circumstances and the seven-factors set forth by the Sixth Circuit indicate that Defendant should be permitted to withdraw his plea.  Accordingly, Defendant requests that this Court grant Defendant's Motion to Withdraw Plea.


_____
CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
E-mail: camillabarkovic@gmail.com
Telephone: 586/773-2120


Dated:        October 18, 2017

15

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2017, I electronically filed the foregoing documents (Motion to Withdraw Plea and Brief in Support of Motion to Withdraw Plea) with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record, including Assistant United States Attorney Margaret Smith.

CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
E-mail: camillabarkovic@gmail.com
Telephone: 586/773-2120