```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                          SOUTHERN DIVISION

 3
      UNITED STATES OF AMERICA,
 4
                         Plaintiff,
 5    vs.                                Case No. 16-20576
                                         Hon. Stephen J. Murphy, III
 6    RANDY NIBUNGCO MONTANTE,

 7                         Defendant.
      _____/
 8
                                 PLEA
 9
              BEFORE THE HONORABLE STEPHEN J. MURPHY, III
10                    United States District Judge
                 Theodore Levin United States Courthouse
11                    231 West Lafayette Boulevard
                       Detroit, Michigan  48226
12                    Wednesday, February 1, 2017

13    APPEARANCES:

14    For the Plaintiff        MARGARET M. SMITH
      United States of America: United States Attorney's Office
15                             211 W. Fort Street
                               Suite 2001
16                             Detroit, Michigan 48226-3220
                               313-226-9135
17
      For the Defendant        Sanford A. Schulman
18    Randy Nibungco Montante:  500 Griswold Street
                               Suite 2340
19                             Detroit, Michigan 48226
                               313-963-4740
20

21

22

23        To obtain a certified copy of this transcript, contact:
            Linda M. Cavanagh, CSR-0131, RMR, RDR, CRR, CRC
24                      Official Court Reporter
                 (313) 234-2616 • www.transcriptorders.com
25
```

1

TABLE OF CONTENTS

2

Page

3

PLEA:

4  QUESTIONING OF DEFENDANT MONTANTE BY THE COURT........5
   SUMMARY OF PLEA AGREEMENT TERMS BY MS. SMITH.........13
5  FURTHER QUESTIONING OF DEFENDANT MONTANTE
   BY THE COURT........................................16
6  PLEA OF GUILTY BY DEFENDANT MONTANTE.................18
   QUESTIONING OF DEFENDANT MONTANTE BY MS. SMITH.......20
7  ACCEPTANCE OF GUILTY PLEA BY THE COURT...............20

8

9

10

11

12

13

14

15

EXHIBITS

16

Identification                    Offered    Received

17

NONE

18

19

20

21

22

10:27

23

24

25

| | | |
|---|---|---|
| 10:27 | 1 | Detroit, Michigan |
| 10:27 | 2 | Wednesday, February 1, 2017 |
| 10:27 | 3 | — — — |
| 11:17 | 4 | (Proceedings commenced at 11:17 a.m., all parties |
| 11:17 | 5 | present) |
| 11:17 | 6 | THE CLERK:  Court now calls Case No. 16-20576, United |
| 11:17 | 7 | States of America versus Randy Montante. |
| 11:17 | 8 | Counsel, please state your appearances for the |
| 11:17 | 9 | record. |
| 11:17 | 10 | MS. SMITH:  Good morning, Your Honor.  Maggie Smith |
| 11:17 | 11 | appearing on behalf of the United States. |
| 11:17 | 12 | THE COURT:  Good morning. |
| 11:17 | 13 | MR. SCHULMAN:  Good morning, Your Honor, Sanford |
| 11:17 | 14 | Schulman on behalf and with Randy Montante.  His family is also |
| 11:17 | 15 | present in the courtroom. |
| 11:17 | 16 | THE COURT:  Okay.  Welcome.  And let me invite Mr. |
| 11:17 | 17 | Schulman and Montante to step forward so that we can get |
| 11:17 | 18 | started here. |
| 11:17 | 19 | I understand the parties arrived at an agreement and |
| 11:17 | 20 | Mr. Montante is going to plead guilty to Count 1 if everything |
| 11:17 | 21 | goes as expected today, correct? |
| 11:17 | 22 | MR. SCHULMAN:  Yes, Your Honor.  There was |
| 11:17 | 23 | discussions about a plea as charged and we had some discussions |
| 11:18 | 24 | about the Rule 11, and after discussing it with Mr. Montante, |
| 11:18 | 25 | we had discussed whether there's any marginal benefit to him |

| 11:18 | 1 | but we -- he has come to the decision that the Rule 11 is |
| 11:18 | 2 | appropriate and he's executed same. |
| 11:18 | 3 | THE COURT:  Okay.  Very good.  I'm going to ask Mr. |
| 11:18 | 4 | Parker to give an oath to Mr. Montante -- Montante since we're |
| 11:18 | 5 | going to ask him questions about the facts of the case.  Go |
| 11:18 | 6 | ahead, Mr. Parker, please. |
| 11:18 | 7 | THE CLERK:  Yes, sir, Judge.  Please raise your right |
| 11:18 | 8 | hand. |
| 11:18 | 9 | R A N D Y   M O N T A N T E |
| 11:18 | 10 | was thereupon called as a witness herein, and after being |
| 11:18 | 11 | first duly sworn to tell the truth and nothing but the truth, |
| 11:18 | 12 | testified on his oath as follows: |
| 11:18 | 13 | DEFENDANT MONTANTE:  I do. |
| 11:18 | 14 | THE COURT:  Okay.  Thank you very much. |
| 11:18 | 15 | Now, Mr. Montante, you've been placed under oath, and |
| 11:18 | 16 | as I mentioned, I'm going to ask you a number of questions |
| 11:18 | 17 | about your Plea Agreement and the charge that the government |
| 11:18 | 18 | has filed in the case.  If you intentionally say something that |
| 11:18 | 19 | you know is not true or if you try to mislead the Court during |
| 11:19 | 20 | this proceeding, there are serious consequences that go with |
| 11:19 | 21 | that and you may not get the credit you're entitled to for |
| 11:19 | 22 | having truthfully pled guilty.  So everything you say to me, |
| 11:19 | 23 | it's important that you say it to the best of your knowledge |
| 11:19 | 24 | and ability and truthfully.  Do you understand all that? |
| 11:19 | 25 | DEFENDANT MONTANTE:  Yes, Your Honor. |

| 11:19 | 1 | THE COURT: All right. What's your full name, sir? |
| 11:19 | 2 | DEFENDANT MONTANTE: Randy Nibungco Montante. |
| 11:19 | 3 | THE COURT: And where were you born? |
| 11:19 | 4 | DEFENDANT MONTANTE: Detroit, Michigan. |
| 11:19 | 5 | THE COURT: Okay. How old are you as you stand here |
| 11:19 | 6 | today? |
| 11:19 | 7 | DEFENDANT MONTANTE: Twenty-four. |
| 11:19 | 8 | THE COURT: And how much schooling have you had? |
| 11:19 | 9 | DEFENDANT MONTANTE: Up to five years of college. |
| 11:19 | 10 | THE COURT: Okay. Very good. You obviously then |
| 11:19 | 11 | read and write the English language? |
| 11:19 | 12 | DEFENDANT MONTANTE: Yes, sir. |
| 11:19 | 13 | THE COURT: And you understand everything I've asked |
| 11:19 | 14 | you so far, correct? |
| 11:19 | 15 | DEFENDANT MONTANTE: Yes. |
| 11:19 | 16 | THE COURT: All right. If you have any problem |
| 11:19 | 17 | understanding anything that I ask you, tell me and I'll explain |
| 11:19 | 18 | or I'll repeat my question. If you need any time to consult |
| 11:19 | 19 | with your attorney privately, tell me that and I'll give you |
| 11:19 | 20 | that opportunity as well, okay? |
| 11:19 | 21 | DEFENDANT MONTANTE: Yes, Your Honor. |
| 11:19 | 22 | THE COURT: All right. Do you have any mental |
| 11:20 | 23 | illness -- I shouldn't ask that. Have you been treated |
| 11:20 | 24 | recently for any mental illness or addiction to any sort of |
| 11:20 | 25 | narcotic drug? |

| 11:20 | 1 | DEFENDANT MONTANTE:  No, Your Honor. |
|---|---|---|

11:20  2      THE COURT:  Are you under the influence of any drug

11:20  3  today, any other medication or alcoholic beverage as you stand

11:20  4  here in court?

11:20  5      DEFENDANT MONTANTE:  No, Your Honor.

11:20  6      THE COURT:  Are you alert, awake and clear-headed?

11:20  7      DEFENDANT MONTANTE:  Yes, Your Honor.

11:20  8      THE COURT:  All right.  I will ask Mr. Schulman as

11:20  9  well whether he knows of any negative information regarding Mr.

11:20  10  Montante's competence to plead guilty at this time.

11:20  11      MR. SCHULMAN:  I do not and I'm satisfied.

11:20  12      THE COURT:  Okay.  I find that the defendant is

11:20  13  thinking clearly, he's not under the influence of any drugs or

11:20  14  alcohol, and he is competent to offer a guilty plea at this

11:20  15  time.

11:20  16      Now, Mr. Montante, you have the right to have an

11:20  17  attorney represent you during all stages of these proceedings.

11:20  18  The Court will appoint an attorney for you if you can't afford

11:20  19  one yourself.  Do you understand that right?

11:20  20      DEFENDANT MONTANTE:  Yes, Your Honor.

11:20  21      THE COURT:  Have you discussed your case completely

11:20  22  with Mr. Schulman?

11:21  23      DEFENDANT MONTANTE:  Yes, Your Honor.

11:21  24      THE COURT:  Are you confident that you understand all

11:21  25  the advice that he's given to you?

| | | |
|---|---|---|
| 11:21 | 1 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:21 | 2 | THE COURT:  Okay.  You've listened carefully and |
| 11:21 | 3 | considered what he's had to say and actually factors -- factors |
| 11:21 | 4 | his advice into your -- factored his advice into your decision |
| 11:21 | 5 | to plead guilty, correct? |
| 11:21 | 6 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:21 | 7 | THE COURT:  All right.  Now, knowing all that, it's |
| 11:21 | 8 | your decision to go forward with your plea, not that of Mr. |
| 11:21 | 9 | Schulman, your attorney, or anybody else because you think it's |
| 11:21 | 10 | your best decision in this case, correct? |
| 11:21 | 11 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:21 | 12 | THE COURT:  Are you going forward and pleading |
| 11:21 | 13 | guilty, at least in part, because you're actually guilty of |
| 11:21 | 14 | this crime of Production of Child Pornography that you intend |
| 11:21 | 15 | to admit? |
| 11:21 | 16 | DEFENDANT MONTANTE:  I am, Your Honor. |
| 11:21 | 17 | THE COURT:  All right.  If I accept your plea today, |
| 11:21 | 18 | you'll be convicted of that crime and you won't have a trial in |
| 11:21 | 19 | this courtroom.  Do you understand that? |
| 11:21 | 20 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:21 | 21 | THE COURT:  There are constitutional rights that you |
| 11:21 | 22 | would have if you had a trial but you give them up permanently |
| 11:21 | 23 | in this case by pleading guilty.  I have to make sure you |
| 11:22 | 24 | understand the rights you're giving up.  I'll list the rights |
| 11:22 | 25 | you're giving up by pleading guilty and then ask you if you |

| | | |
|--|--|--|
| 11:22 | 1 | understand them, so listen carefully, okay?  All right. |
| 11:22 | 2 | First of all, you give up the right to plead not |
| 11:22 | 3 | guilty and to have a trial by jury with a lawyer assisting you. |
| 11:22 | 4 | You give up the right to be presumed innocent and the |
| 11:22 | 5 | right to have the government prove beyond a reasonable doubt |
| 11:22 | 6 | that you are guilty. |
| 11:22 | 7 | You give up the right to watch and to listen as |
| 11:22 | 8 | witnesses against you testify and the right to question or |
| 11:22 | 9 | challenge those witnesses. |
| 11:22 | 10 | You give up the right to have the Court order |
| 11:22 | 11 | witnesses you may have in your defense come to court and to |
| 11:22 | 12 | give testimony if you want to present a case. |
| 11:22 | 13 | You have the right to decide not to testify or not to |
| 11:22 | 14 | put on evidence and those facts can't be used against you in |
| 11:22 | 15 | your trial. |
| 11:22 | 16 | And finally, your Rule 11 Plea Agreement says that if |
| 11:22 | 17 | I sentence you generally in the way that the lawyers |
| 11:22 | 18 | recommended or estimated the sentence in the agreement, then |
| 11:23 | 19 | you will give up your right to appeal your conviction and your |
| 11:23 | 20 | sentence based on the plea. |
| 11:23 | 21 | Now, your decision to plead guilty here this morning |
| 11:23 | 22 | means that all those rights I just went over with you will be |
| 11:23 | 23 | given up permanently in this case.  Do you understand all those |
| 11:23 | 24 | rights that I just explained? |
| 11:23 | 25 | DEFENDANT MONTANTE:  Yes, Your Honor. |

| | | |
|---|---|---|
| 11:23 | 1 | THE COURT:  Okay.  All right.  Have you received a |
| 11:23 | 2 | copy of this indictment which charges you I believe in four |
| 11:23 | 3 | counts? |
| 11:23 | 4 | DEFENDANT MONTANTE:  I have, Your Honor. |
| 11:23 | 5 | THE COURT:  All right.  With regard to Count 1, and |
| 11:23 | 6 | that's the production charge I mentioned that you intend to |
| 11:23 | 7 | plead guilty to, there are a number of elements that the |
| 11:23 | 8 | government must prove or show before you can be convicted of |
| 11:23 | 9 | the crime. |
| 11:23 | 10 | They have to show that you knowingly attempted to |
| 11:23 | 11 | persuade, use, entice or coerce a minor to engage in sexually |
| 11:23 | 12 | explicit conduct or activity. |
| 11:24 | 13 | They have to show that the purpose of the conduct was |
| 11:24 | 14 | to produce a visual depiction of the -- or a video or a |
| 11:24 | 15 | picture, whatever the case may be, of the sexually explicit |
| 11:24 | 16 | activity. |
| 11:24 | 17 | And then they have to show that the materials that |
| 11:24 | 18 | were used to produce the visual depiction, the camera, |
| 11:24 | 19 | computer, whatever the case may be, had been mailed, shipped or |
| 11:24 | 20 | transported in or affected interstate commerce. |
| 11:24 | 21 | Until and unless the government proves those |
| 11:24 | 22 | elements, you cannot be convicted of those crimes.  Do you |
| 11:24 | 23 | understand those are the elements of the crime the government |
| 11:24 | 24 | is required to prove? |
| 11:24 | 25 | DEFENDANT MONTANTE:  Yes, Your Honor. |

Plea • Wednesday, February 1, 2017

10

| 11:24 | 1 | THE COURT:  All right.  The maximum penalty for a |
| 11:24 | 2 | person who violates this law is up to 30 years in prison. |
| 11:24 | 3 | There is a minimum mandatory penalty for this conduct that the |
| 11:24 | 4 | Congress has stated of 15 years imprisonment.  You could be |
| 11:24 | 5 | fined as much as $250,000 and there is a $100 special |
| 11:25 | 6 | assessment on each count of conviction that you have to pay. |
| 11:25 | 7 | Those are the possible maximum and minimum terms of this |
| 11:25 | 8 | statute that you expose yourself by pleading guilty to it.  Do |
| 11:25 | 9 | you understand that? |
| 11:25 | 10 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:25 | 11 | THE COURT:  If you go to prison in the case, it looks |
| 11:25 | 12 | like you will have a prison term since there's a minimum |
| 11:25 | 13 | mandatory on it, you'll also be what's sentenced to a term of |
| 11:25 | 14 | supervised release.  In fact, there's a minimum term of five |
| 11:25 | 15 | years of supervised release which says once you're finished |
| 11:25 | 16 | with your sentence in the case, the probation office will |
| 11:25 | 17 | supervise your reentry, and if you violate a condition of their |
| 11:25 | 18 | supervision, you could be penalized for that conduct and go |
| 11:25 | 19 | back to prison for additional time even though you've already |
| 11:25 | 20 | served the entire sentence for the crime you're admitting to |
| 11:25 | 21 | here today.  Do you understand that? |
| 11:26 | 22 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:26 | 23 | THE COURT:  All right.  There is the possibility, I |
| 11:26 | 24 | don't know if the government will ask for it, but there's the |
| 11:26 | 25 | possibility you might have to pay restitution to any victim of |

Plea • Wednesday, February 1, 2017

```
11:26   1    your conduct.  You might also be required to forfeit certain
11:26   2    property such as the materials that were used to commit the
11:26   3    crime or any proceeds of it.  Those could be parts of the
11:26   4    sentence that I impose in this case as well.  Do you understand
11:26   5    that?
11:26   6             DEFENDANT MONTANTE:  Yes, Your Honor.
11:26   7             THE COURT:  All right.  Sentences in federal court
11:26   8    are governed by federal law.  That includes the U.S. Sentencing
11:26   9    Guidelines.  Under the law, it's the job of the Court, not the
11:26   10   defense attorney, the prosecutor or the probation officer, to
11:26   11   make final decisions about the sentence and then to impose it.
11:26   12   My decision about the sentence in this case will be governed in
11:26   13   part by the sentencing guideline score.  That combines the
11:27   14   seriousness of your offense with any criminal background you
11:27   15   might have and it results in a range of suggested sentences.
11:27   16   Now, my decision about the sentencing range may be the same
11:27   17   that the lawyers have made in the Plea Agreement but it might
11:27   18   be different.  I might find that a higher or a lower sentencing
11:27   19   range applies to this case.  Do you understand that?
11:27   20             DEFENDANT MONTANTE:  Yes, Your Honor.
11:27   21             THE COURT:  Do you understand that if the government
11:27   22   makes a recommendation about your sentence, I'm not required to
11:27   23   accept it; I could go higher or lower than what the government
11:27   24   urges me to sentence in this case.  Do you understand that?
11:27   25             DEFENDANT MONTANTE:  Yes, Your Honor.
```

| 11:27 | 1 | THE COURT:  Finally, the sentence guidelines that I |

11:27    1    THE COURT:  Finally, the sentence guidelines that I

11:27    2    mentioned earlier are not mandatory, they are advisory to

11:27    3    federal courts.  What governs sentences is -- are the factors

11:27    4    laid out in a statute known as 18 USC, Section 3553(a), and the

11:28    5    reasons for the sentence have to comply with that law.

11:28    6         Now, if I find a guideline range applies to the case

11:28    7    and I want to vary from it based on the factors laid out in

11:28    8    that sentence, I can find reasons like the nature and the

11:28    9    circumstances of the offense, the need for the sentence to

11:28   10    reflect the seriousness of the offense, to promote respect for

11:28   11    the law and things of that nature to do so.

11:28   12         Now, I could never go higher than the maximum term

11:28   13    that I provided earlier, but I could vary from the ultimate

11:28   14    sentence guideline range based on the statutory factors I just

11:28   15    mentioned.  Do you understand all that?

11:28   16    DEFENDANT MONTANTE:  Yes, Your Honor.

11:28   17    THE COURT:  All right.  Parole has been abolished in

11:28   18    federal courts and if you're sentenced to prison in this case,

11:28   19    you won't be released on parole.  Do you understand that?

11:28   20    DEFENDANT MONTANTE:  Yes, Your Honor.

11:28   21    THE COURT:  All right.  Your plea of guilt today, Mr.

11:28   22    Montante, is the result of discussions between your lawyer, Mr.

11:29   23    Schulman, and Ms. Smith who appears on behalf of the United

11:29   24    States.  I haven't been involved in those discussions, I

11:29   25    haven't approved of your Plea Agreement in advance, and I

| | | |
|---|---|---|
| 11:29 | 1 | haven't predicted any certain sentence in this case.  Do you |
| 11:29 | 2 | understand all that? |
| 11:29 | 3 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:29 | 4 | THE COURT:  Have you had an opportunity to fully read |
| 11:29 | 5 | over and discuss this Plea Agreement with Mr. Schulman before |
| 11:29 | 6 | you signed it in the courtroom here today? |
| 11:29 | 7 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:29 | 8 | THE COURT:  All right.  Ms. Smith, if you would |
| 11:29 | 9 | summarize just the most important terms of the Plea Agreement |
| 11:29 | 10 | for the record at this time, we'd be grateful. |
| 11:29 | 11 | MS. SMITH:  Thank you, Your Honor. |
| 11:29 | 12 | Today the defendant will plead guilty to Count 1 of |
| 11:29 | 13 | the indictment which charges Production of Child Pornography. |
| 11:29 | 14 | There are no sentencing guideline disputes.  The |
| 11:29 | 15 | defendant's guideline range has been calculated by the parties |
| 11:29 | 16 | to be 262 to 327 months. |
| 11:29 | 17 | The government will make a non-binding recommendation |
| 11:29 | 18 | that the sentence of imprisonment be no more than the high end |
| 11:29 | 19 | of the sentencing guideline range as it is calculated by the |
| 11:30 | 20 | terms in the Rule 11 Plea Agreement. |
| 11:30 | 21 | A term of supervised release will follow the term of |
| 11:30 | 22 | imprisonment.  There is no agreement, but it must be at least |
| 11:30 | 23 | five years and it could be up to life. |
| 11:30 | 24 | The defendant will pay a special assessment of $5,000 |
| 11:30 | 25 | pursuant to the Justice For Victims of Trafficking Act of 2015. |

| | | |
|---|---|---|
| 11:30 | 1 | The Court shall order restitution to every |
| 11:30 | 2 | identifiable victim of the defendant's offense. |
| 11:30 | 3 | The defendant understands that by pleading guilty |
| 11:30 | 4 | today, he will be required to register as a sex offender under |
| 11:30 | 5 | both federal and state registration requirements. |
| 11:30 | 6 | If the Court accepts this agreement, at sentencing |
| 11:30 | 7 | the government will move to dismiss the remaining charges in |
| 11:30 | 8 | the indictment. |
| 11:30 | 9 | The defendant will waive any right he may have to |
| 11:30 | 10 | appeal his conviction, and if the sentence does not exceed the |
| 11:30 | 11 | maximum allowed by Part 3 of this agreement, he also waives any |
| 11:30 | 12 | right he may have to appeal his sentence. |
| 11:30 | 13 | And, Your Honor, those are the salient terms of the |
| 11:31 | 14 | Rule 11 Plea Agreement. |
| 11:31 | 15 | THE COURT:  Okay.  Thank you, Ms. Smith. |
| 11:31 | 16 | Mr. Schulman, do you agree with the summary of the |
| 11:31 | 17 | guilty plea agreement that the AUSA just gave? |
| 11:31 | 18 | MR. SCHULMAN:  I do, Your Honor.  I just want to |
| 11:31 | 19 | point out two other points so that Mr. Montante will hear that. |
| 11:31 | 20 | The elements of the offense as stated in the Rule 11 would not |
| 11:31 | 21 | require any knowledge of the age of the minor or the fact that |
| 11:31 | 22 | the individual was a minor, and so we stipulate to those |
| 11:31 | 23 | elements. |
| 11:31 | 24 | And that while there's a advisory guideline range, I |
| 11:31 | 25 | want him to understand -- and he has asked that I submit a |

Plea • Wednesday, February 1, 2017

| | | |
|---|---|---|
| 11:31 | 1 | sentencing memorandum advocating for the lowest end of the |
| 11:31 | 2 | potential -- a possible sentence, which would still be the |
| 11:31 | 3 | mandatory 180 months.  And I've explained to him that this |
| 11:31 | 4 | Court is certainly not in a position to make any of those |
| 11:31 | 5 | decisions today, as you have already articulated to him, but I |
| 11:31 | 6 | just wanted him to understand that those guidelines are |
| 11:31 | 7 | advisory and both the defendant and the government can submit |
| 11:32 | 8 | pleadings to advocate for their positions and we hope to do |
| 11:32 | 9 | that. |
| 11:32 | 10 | We have had a psycho -- psychosexual -- a evaluation |
| 11:32 | 11 | done, we've provided that to the government, and I was going to |
| 11:32 | 12 | ask the Court to consider allowing the defense to submit that |
| 11:32 | 13 | under seal at the time of sentencing. |
| 11:32 | 14 | THE COURT:  Yeah.  Okay.  First of all -- okay.  You |
| 11:32 | 15 | said, if I'm not mistaken, that you agreed with the summary |
| 11:32 | 16 | that Ms. Smith gave of the Plea Agreement, right? |
| 11:32 | 17 | DEFENDANT MONTANTE:  Yes. |
| 11:32 | 18 | THE COURT:  All right.  Secondly, you are saying that |
| 11:32 | 19 | you agree and understand on behalf of your client that the |
| 11:32 | 20 | guideline range in the case is 262 to 327 months, but that if |
| 11:32 | 21 | in your judgment as an advocate you think a sentence lower than |
| 11:32 | 22 | that on a variance from that range based on the statutory |
| 11:32 | 23 | factors I mentioned might lie, you will file a memorandum and |
| 11:32 | 24 | argue for that sentence, right? |
| 11:33 | 25 | MR. SCHULMAN:  Yes. |

Plea • Wednesday, February 1, 2017

16

| | | |
|---|---|---|
| 11:33 | 1 | THE COURT:  And then finally, you are saying that |
| 11:33 | 2 | there is a report of a professional which you want to submit to |
| 11:33 | 3 | the Court under seal so that I can read it, and you'll send a |
| 11:33 | 4 | copy of that to Ms. Smith confidentially as well, so that we |
| 11:33 | 5 | can make that part of the record of the case at sentencing when |
| 11:33 | 6 | we -- when we go to impose the term.  Is that correct as well? |
| 11:33 | 7 | MR. SCHULMAN:  Yes.  I've already sent it to the |
| 11:33 | 8 | government. |
| 11:33 | 9 | THE COURT:  All right.  Okay.  All right.  Now, with |
| 11:33 | 10 | all that in mind, do you believe that pursuing this agreement |
| 11:33 | 11 | is in your client's best interests? |
| 11:33 | 12 | MR. SCHULMAN:  Yes. |
| 11:33 | 13 | THE COURT:  All right.  Mr. Montante, do you agree |
| 11:33 | 14 | with the statements in the Guilty Plea Agreement that the |
| 11:33 | 15 | prosecutor made as well as the colloquy I just had here with |
| 11:33 | 16 | your lawyer about what he intends to do in the case? |
| 11:33 | 17 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:33 | 18 | THE COURT:  All right.  And are you confident that |
| 11:33 | 19 | your attorney fully explained this entire agreement and all |
| 11:33 | 20 | these terms to you before you signed the Plea Agreement here in |
| 11:33 | 21 | court today? |
| 11:33 | 22 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:34 | 23 | THE COURT:  All right.  And you want to go forward |
| 11:34 | 24 | and live by the terms of the agreement, correct? |
| 11:34 | 25 | DEFENDANT MONTANTE:  Yes. |

Plea • Wednesday, February 1, 2017

17

| 11:34 | 1 | THE COURT:  All right.  Now, again, there's no |
| 11:34 | 2 | certainty about the sentence at this point.  The government is |
| 11:34 | 3 | recommending a 262 to 360-month term.  I will con -- and your |
| 11:34 | 4 | lawyer believes there may be grounds to argue for a lower |
| 11:34 | 5 | sentence.  My mistake, 262 to 327 months. |
| 11:34 | 6 | I can't guarantee anything about the sentence today. |
| 11:34 | 7 | I will carefully consider the government's recommendation and |
| 11:34 | 8 | I'll also look at what your lawyer has to say, but I'll only do |
| 11:34 | 9 | what the lawyers say if I think it's -- it's proper.  But |
| 11:34 | 10 | whatever sentence I give in the case, you won't be allowed to |
| 11:34 | 11 | back out of your plea.  This is a permanent decision to accept |
| 11:34 | 12 | responsibility and plead guilty here today.  Do you understand |
| 11:34 | 13 | that? |
| 11:34 | 14 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:34 | 15 | THE COURT:  Okay.  All right.  Has anyone tried to |
| 11:34 | 16 | force you or to threaten you in any way to get you to plead |
| 11:35 | 17 | guilty? |
| 11:35 | 18 | DEFENDANT MONTANTE:  No, Your Honor. |
| 11:35 | 19 | THE COURT:  Has anybody done anything that you think |
| 11:35 | 20 | is improper, illegal or unethical to get you to plead guilty? |
| 11:35 | 21 | DEFENDANT MONTANTE:  No, Your Honor. |
| 11:35 | 22 | THE COURT:  And except for what's already been stated |
| 11:35 | 23 | here in open court or what's in this Plea Agreement that you |
| 11:35 | 24 | signed, are there any other promises or deals that have been |
| 11:35 | 25 | made to get you to plead guilty? |

| | | |
|---|---|---|
| 11:35 | 1 | DEFENDANT MONTANTE:  No, Your Honor. |
| 11:35 | 2 | THE COURT:  All right.  Then let's talk about this |
| 11:35 | 3 | Count 1 of the indictment, Production of Child Pornography. |
| 11:35 | 4 | How do you wish to plead to that count at this time? |
| 11:35 | 5 | DEFENDANT MONTANTE:  Um, guilty. |
| 11:35 | 6 | THE COURT:  All right.  What did you do to make |
| 11:35 | 7 | yourself guilty of Production of Child Pornography, what is the |
| 11:35 | 8 | factual basis for your plea? |
| 11:35 | 9 | DEFENDANT MONTANTE:  I met a woman on the social |
| 11:35 | 10 | media, a random chat adult site, Omegle.  She presented herself |
| 11:35 | 11 | as age 18 and we exchanged social media accounts; Twitter, |
| 11:36 | 12 | things along that nature.  We had a -- we had a I think -- I |
| 11:36 | 13 | suppose you could say relationship over six months, and then |
| 11:36 | 14 | the last two have lead -- it was centered on Skype, yeah.  In |
| 11:36 | 15 | the last month I was apprised of her age and it wasn't what she |
| 11:36 | 16 | had initially put forth and I still requested images and video |
| 11:36 | 17 | of sensitive content. |
| 11:36 | 18 | THE COURT:  Yeah.  Okay. |
| 11:36 | 19 | DEFENDANT MONTANTE:  I know against my better |
| 11:36 | 20 | judgment that it was a big mistake and I deeply regret it.  I |
| 11:36 | 21 | didn't intend to hurt anybody and I'm sorry. |
| 11:36 | 22 | THE COURT:  Okay.  Thank you for those words. |
| 11:36 | 23 | Now, let me -- let me ask you a couple of questions |
| 11:37 | 24 | just to get some certainty about what you did, and I think |
| 11:37 | 25 | that's a pretty thorough factual basis that you lodged there. |

Plea • Wednesday, February 1, 2017

11:37  1   But this behavior and conduct that you just spoke of took place

11:37  2   starting February of 2016 and then the last con -- con --

11:37  3   contact was around August of 2016, is that correct?

11:37  4            DEFENDANT MONTANTE:  Yes, Your Honor.

11:37  5            THE COURT:  All right.  Now, this Skyping and

11:37  6   computer contact that you had, were you at your home in Troy,

11:37  7   Michigan when you did that?

11:37  8            DEFENDANT MONTANTE:  Dearborn.

11:37  9            THE COURT:  Dearborn, Michigan.  Okay.  All right.

11:37  10            So you basically said this, but I want to make sure I

11:37  11   track the language.  You knowingly persuaded this person who

11:37  12   you met online to engage in content that was sexual and to --

11:37  13   to send a visual depiction, a tape, a video, a Skype, whatever,

11:38  14   to you doing that online, correct, you persuaded her to do

11:38  15   that, is that what you said before?

11:38  16            DEFENDANT MONTANTE:  Yes, but I never had any

11:38  17   physical contact nor intended to.

11:38  18            THE COURT:  Understood.  And I take it that Mr.

11:38  19   Schulman is willing to state on your behalf that the materials,

11:38  20   which is to say the computers, the Skype, whatever the case may

11:38  21   be, had been shipped or transported across state lines or in

11:38  22   foreign commerce.  Is that correct as well?

11:38  23            MR. SCHULMAN:  So stipulated, Your Honor.

11:38  24            THE COURT:  All right.  With all that in mind, does

11:38  25   the prosecutor have any additional questions to help establish

| | | |
|---|---|---|
| 11:38 | 1 | the factual basis for the plea? |
| 11:38 | 2 | MS. SMITH:  I just have one question, Your Honor, and |
| 11:38 | 3 | that is -- if I may ask the defendant. |
| 11:38 | 4 | THE COURT:  Yep. |
| 11:38 | 5 | MS. SMITH:  Mr. Montante, do you understand, and for |
| 11:38 | 6 | the record, that the identity of minor victim 1 to be a |
| 11:38 | 7 | specific female born in 2002? |
| 11:39 | 8 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:39 | 9 | MS. SMITH:  I'm satisfied. |
| 11:39 | 10 | DEFENDANT MONTANTE:  Or Ms. Smith. |
| 11:39 | 11 | MS. SMITH:  I'm satisfied, Your Honor. |
| 11:39 | 12 | THE COURT:  All right.  Okay.  Are you satisfied |
| 11:39 | 13 | indeed that there's a proper factual basis for the plea and |
| 11:39 | 14 | that the Court has fully complied with Rule 11? |
| 11:39 | 15 | MS. SMITH:  Yes, Your Honor. |
| 11:39 | 16 | THE COURT:  Same question for Mr. Schulman. |
| 11:39 | 17 | MR. SCHULMAN:  Defense is satisfied. |
| 11:39 | 18 | THE COURT:  Okay.  Mr. Montante, I find that your |
| 11:39 | 19 | proposed guilty plea here today is supported by facts, you know |
| 11:39 | 20 | what you're doing, you're acting competently and voluntarily in |
| 11:39 | 21 | giving up your rights.  I'm prepared to accept your plea of |
| 11:39 | 22 | guilt, but let me ask you one final time, are you certain you |
| 11:39 | 23 | want me to accept your guilty plea in open court here today? |
| 11:39 | 24 | DEFENDANT MONTANTE:  Yes, Your Honor. |
| 11:39 | 25 | THE COURT:  All right.  I accept the defendant's plea |

Plea • Wednesday, February 1, 2017

11:39   1    of guilt to Count 1 of the indictment.  I find him guilty of

11:39   2    the offense that's expressed in that count.

11:39   3              The defendant, Mr. Mon -- Mr. Montante, will be

11:39   4    referred to the Probation Department for the preparation of a

11:39   5    Pre-Sentence Report.  Mr. Schulman and Ms. Smith may both file

11:39   6    objections to the Pre-Sentence Report in advance of the day of

11:40   7    sentencing.

11:40   8              And when we have sentencing, we'll have a hearing at

11:40   9    which Mr. Montante and his lawyer will both have an opportunity

11:40  10    to speak on Mr. Montante's behalf.

11:40  11              There are victims of the offense, it appears there

11:40  12    are.  They'll have the opportunity to be heard that day and

11:40  13    time as well.

11:40  14              Mr. Schulman, Mr. Parker will give you a form which

11:40  15    will refer you officially to the Probation Department so that

11:40  16    you and your client can sit down and talk to them as early as

11:40  17    today to begin the debriefing process for the probation

11:40  18    officer's report.

11:40  19              MR. SCHULMAN:  Your Honor, we have already scheduled

11:40  20    that meeting today.

11:40  21              THE COURT:  Oh, you have.  All right.  Very good.

11:40  22    Grateful for that work.

11:40  23              We are going to have sentencing in this Court on

11:40  24    May 5, that's a Friday, 10:00 a.m. in this courtroom.

11:40  25    Everybody will be required to appear for sentencing at that

Plea • Wednesday, February 1, 2017

22

| | | |
|---|---|---|
| 11:40 | 1 | time. |
| 11:40 | 2 |        Mr. Montante is in detention of the federal marshal, |
| 11:41 | 3 | and we will remand him to their care and custody until that |
| 11:41 | 4 | time. |
| 11:41 | 5 |        Mr. Montante, I would ask you to simply continue your |
| 11:41 | 6 | good efforts, be very compliant with the probation office so I |
| 11:41 | 7 | can get an idea of what this crime involved and why -- what |
| 11:41 | 8 | might have motivated you to do it. |
| 11:41 | 9 |        We will see everybody in about three months' time on |
| 11:41 | 10 | the 5th of May. |
| 11:41 | 11 |        And there's nothing else from the Court unless |
| 11:41 | 12 | there's anything else from either of the lawyers.  Ms. Smith? |
| 11:41 | 13 |        MS. SMITH:  No, Your Honor. |
| 11:41 | 14 |        THE COURT:  Mr. Schulman? |
| 11:41 | 15 |        MR. SCHULMAN:  Yes, Your Honor.  Mr. Montante has |
| 11:41 | 16 | asked if the Court could recommend he be moved to Milan.  I |
| 11:41 | 17 | just want the Court to be aware he's been in Sandusky, Michigan |
| 11:41 | 18 | at the Sanilac County Jail for about five months, which means |
| 11:41 | 19 | four hours of driving for his lawyers and family.  And he has |
| 11:41 | 20 | filed no motions regarding revocation of his order of |
| 11:41 | 21 | detention. |
| 11:41 | 22 |        THE COURT:  Right. |
| 11:41 | 23 |        MR. SCHULMAN:  And while I understand it's a |
| 11:42 | 24 | recommendation, in this particular case he's been fully |
| 11:42 | 25 | compliant with me, but this is the time that we need to prepare |

| | | |
|---|---|---|
| 11:42 | 1 | sentencing memorandums.  And I told him that I would reserve |
| 11:42 | 2 | this request until after the plea.  His family is of modest |
| 11:42 | 3 | means and the transportation has been a hardship, and I -- I |
| 11:42 | 4 | just ask the Court to consider that in light of the fact that |
| 11:42 | 5 | it is a recommendation. |
| 11:42 | 6 | THE COURT:  Are there med -- medical issues by any |
| 11:42 | 7 | chance, is there anything? |
| 11:42 | 8 | MR. SCHULMAN:  There was initially some issues |
| 11:42 | 9 | regarding his eyesight and other issues.  But I told him that, |
| 11:42 | 10 | you know, obviously every county jail has some capacity to deal |
| 11:42 | 11 | with his issues, both psychological issues, emotional issues |
| 11:42 | 12 | and physical issues, and they do a minimal job at best but |
| 11:42 | 13 | sufficient at least for him. |
| 11:42 | 14 | Milan has a lot of opportunities.  He's well educated |
| 11:42 | 15 | and it would also give him an opportunity to work in a library, |
| 11:42 | 16 | work in a kitchen.  And like I said, for five months we've not |
| 11:42 | 17 | made that request and I think it's reasonable. |
| 11:42 | 18 | THE COURT:  All right.  Well, it is reasonable but |
| 11:42 | 19 | I'll -- I'll tell you this.  The housing decisions are |
| 11:43 | 20 | administrative ones that are made by the federal marshal that I |
| 11:43 | 21 | have very little control over and must defer to. |
| 11:43 | 22 | So I would say the following, which is if you present |
| 11:43 | 23 | your reasoning to the federal marshal, I -- I would tell you |
| 11:43 | 24 | that I would certainly endorse the housing of Mr. Montante |
| 11:43 | 25 | between now and sentencing at the federal detention center |

| | | |
|---|---|---|
| 11:43 | 1 | in -- in Milan for the reasons you say, but ultimately the |
| 11:43 | 2 | decision is going to be -- going to be up to them and -- and |
| 11:43 | 3 | it's something I have, again, very little input on.  But your |
| 11:43 | 4 | request in my view is reasonable and I would, you know, endorse |
| 11:43 | 5 | what you want to do for your client for the reasons you say. |
| 11:43 | 6 | MR. SCHULMAN:  Thank you. |
| 11:43 | 7 | THE COURT:  All right.  And the marshals are in the |
| 11:43 | 8 | courtroom so they can do what they want with that, all right? |
| 11:43 | 9 | MR. SCHULMAN:  Thank you. |
| 11:43 | 10 | THE COURT:  Okay.  We'll be finished at this point |
| 11:43 | 11 | and we'll be in recess.  Thank you all very much. |
| 11:44 | 12 | THE CLERK:  All rise.  Court is in recess. |
| | 13 | (Court in recess at 11:44 a.m.) |
| | 14 | _  _  _ |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

```
 1                 C E R T I F I C A T I O N

 2          I, Linda M. Cavanagh, Official Court Reporter of the

 3   United States District Court, Eastern District of Michigan,

 4   appointed pursuant to the provisions of Title 28, United States

 5   Code, Section 753, do hereby certify that the foregoing pages 1

 6   through 24 comprise a full, true and correct transcript of the

 7   proceedings held in the matter of United States of America vs.

 8   Randy Nibungco Montante, Case No. 16-20576, on Wednesday,

 9   February 1, 2017.

10

11

12                      s/Linda M. Cavanagh
                        Linda M. Cavanagh, RMR, RDR, CRR, CRC
13                      Federal Official Court Reporter
                        United States District Court
14                      Eastern District of Michigan

15

16

17   Date: October 20, 2017
     Detroit, Michigan
18

19

20

21

22

23

24

25
```