UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Case No. 2:16-cr-20576

v.                                               HONORABLE STEPHEN J. MURPHY, III

D-1, RANDY NIBUNGCO MONTANTE,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW PLEA [38]

On February 2, 2017, Defendant entered a Rule 11 plea agreement and pled guilty to production of child pornography, 18 U.S.C. § 2251(a). ECF 25. His sentencing is scheduled for November 30, 2017, but he now moves to withdraw his guilty plea. The Court has reviewed the briefs and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f). For the reasons below, the Court will deny the motion.

### DISCUSSION

The Federal Rules of Criminal Procedure permit a defendant to withdraw a guilty plea after a court accepts the plea, but before it imposes sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a reason is "fair and just," courts consider several factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), cert. denied, 513 U.S. 1115 (1995); *see also United States v. Bazzi*, 94 F.3d 1025, 1027 (1996) (recognizing that the list is general and non-exclusive list and that no one factor is controlling).

The gravamen of Defendant's argument is that a new attorney and newly accessible evidence have caused him to reconsider his plea. Defendant insists that the change of attorneys explains and satisfies many of the considerations noted above: he retained his new attorney eight months after entering his plea (explaining the lapse in time since pleading), the new attorney quickly filed the instant motion (validating the motion's timing), and the new attorney explained defenses that the prior counsel had not (mitigating his failure to assert actual innocence). Through his new attorney, Defendant now asserts that prior counsel did not meaningfully negotiate the plea or discuss it with him (underlying circumstances), that Defendant is "immature" and inexperienced with the criminal justice system (background and prior experience), and finally, Defendant makes a general assertion that the Government will not be prejudiced.

Defendant was not deprived of any evidence to which he was entitled prior to his plea. In a lengthy footnote, he contends that the Government has not provided "full and complete" discovery because he has not received certain records from the minor victim's devices. The Government was not required to share such evidence, but nevertheless avers that it did make available all the evidence Defendant now requests, save irrelevant other-act evidence concerning the minor victim—an averment to which Defendant made no reply.

Although the *Bashara* factors assist the court in determining what is "fair and just," Rule 11 has an underlying purpose: it is meant to "allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical

decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (quotation marks and citation omitted). Defendant's attorney may have changed, but the record and history of the case have not. By the time Defendant pled, he had been in detention for almost six months. He stipulated to two adjournments in that time. ECF 20, 24. He may have little experience with the criminal justice system, but he is a college-educated adult who has confirmed he is of sound mind. ECF 39, PgID 508–09. With full knowledge of almost all of the Government's evidence, Defendant engaged in a lengthy colloquy with the Court and knowingly pleaded guilty. He confirmed that he "discussed his case completely" with his former attorney, that it was his decision to plea, and that he pled because he was "actually guilty." *Id.* at 509–10.

The Court finds that permitting Defendant to withdraw his guilty plea would not be "fair and just" and will therefore not permit him to do so.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Withdraw Plea [38] is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 22, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

3