UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No.: 16-20576
Honorable Stephen J. Murphy

RANDY NIBUNGCO MONTANTE,

    Defendant.

_____/

MARGARET M. SMITH (P-71413)
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
313/226-9135
margaret.smith@usdoj.gov

CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
586/773-2120
camillabarkovic@gmail.com

_____/

## DEFENDANT'S MEMORANDUM IN RESPONSE TO GOVERNMENT'S POSITION REGARDING RESTITUTION

### INTRODUCTION

Defendant submits the instant memorandum in opposition of the Government's Position Regarding Restitution. The Government is requesting that this Court enter an order of restitution awarding MV-1 $47,127.60. Defendant objects to the monetary amount of restitution requested by the Government for the reasons set forth herein.

### RELEVANT FACTUAL INFORMATION

Defendant previously plead guilty to one (1) count of production of child

pornography in violation of 18 U.S.C. § 2251(a). Sentencing in this matter is scheduled for January 25, 2018.

The Government is requesting that this Court enter an order of restitution awarding MV-1 $47,127.60 at the time of sentencing.[1] The Government asserts that MV-1 is entitled to past counseling expenses ($2,270.00), future counseling expenses ($42,500.00), and past and future expenses associated with traveling to and from counseling ($1,917.60).

In support of it's position regarding restitution, the Government has submitted two (2) unsigned letters for the Court's consideration. The first letter is from MV-1's mother and is not signed or dated. MV-1's mother opines that MV-1 has been traumatized as a result of the incident and that MV-1 has sought counseling.

The second letter is from MV-1's counselor - M. Pfeiffer, MA, PD, LPC. The letter is dated March 22, 2017 and is not signed. The letter does not provide any specific diagnosis or meaningful details as it relates to a prospective treatment plan. The letter confirms that MV-1 attended seventeen (17) individual counseling sessions through March 22, 2017. The letter also indicates that MV-1 "may" require future counseling and that future therapy will be dependent on her progress and her needs. According to Ms. Pfeiffer, MV-1 may benefit from "265 sessions" over several years, which amounts to "approximately 30 sessions per year through the end of college." According to Ms. Pfeiffer, the projected cost associated with prospective treatment amounts to $42,500.00. However, Ms. Pfeiffer notes that this a "merely a projection" and that periodic re-evaluation

---

[1] The Government asserts that "[t]he United States and prior counsel for defendant previously negotiated a settlement for the mandatory restitution for which MV-1 is entitled." (Government's Position, p. 1.) However, the Rule 11 Plea Agreement expressly provides that "[t]here is no agreement on restitution." See Rule 11 (Dkt. 25), p. 6, Paragraph 3(E).

will be necessary.

As the following analysis will indicate, the Government has not sustained it's burden as it relates to establishing the requested restitution. Accordingly, this Court should decline to grant the amount of restitution sought by the Government on behalf of MV-1.

## APPLICABLE LAW AND ARGUMENT

"The Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2250, was enacted for the purpose of compensating the victims of offenses involving the sexual exploitation of children." United States v. Evers, 669 F.3d 645, 657 (6th Cir. 2012). The Act provides that "[n]otwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter." 18 U.S.C. § 2259(a).

The order of restitution shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the Court which includes any costs incurred by the victim for: 1) medical services related to physical, psychiatric, or psychological care; 2) physical and occupational therapy or rehabilitation; 3) necessary transportation, temporary housing, and childcare expenses; 4) lost income; 5) attorneys' fees, as well as other costs incurred; and 6) any other loss suffered by the victim as a proximate result of the offense. 18 U.S.C. § 2259(b)(3).

The Government must prove the amount of the victim's losses by a preponderance of the evidence, and the court is to resolve any disputes as to the amount of restitution by the same standard. 18 U.S.C. § 3664(e). Additionally, the Supreme Court has held that "[r]estitution is . . . proper under § 2259 only to the extent the defendant's offense proximately cause a victim's losses." Paroline v. United States, 134 S.Ct. 1710, 1722

(2014).

Defendant objects to the amount of restitution sought by the Government. Defendant contends that the evidence presented by the Government, as set forth in it's written brief, is insufficient to establish that restitution in the amount of $47,127.60 is reasonable, appropriate, and warranted under the circumstances. The Government has not sufficiently established that Defendant's offense proximately caused the loss(es) alleged. Further, the Government has not sufficiently established that MV-1 will continue to incur such loss(es) in the future.

### A. THERAPY COSTS - PAST, PRESENT, AND FUTURE

MV-1 is seeking restitution for past, present and future counseling expenses under 18 U.S.C. § 2259. The Government claims that MV-1 is currently in therapy with a private therapist and has provided the Court with a letter from MV-1's counselor documenting MV-1's participation in seventeen (17) counseling sessions from August 31, 2016 through March 22, 2017. The Government has not produced any documents, records, or other reliable information regarding MV-1's diagnosis, current prognosis, current treatment plan, progress in her current treatment plan, or future treatment plan. In fact, the Government has not produced any documentation confirming that MV-1 is still even attending counseling.

Notwithstanding the lack of current documentation, the Government requests that this Court award MV-1 restitution for future counseling costs in the amount of Forty-Two Thousand Five Hundred Dollars ($42,500.00). This alleged future loss is speculative, not reasonably ascertainable, and is not warranted based on the minimal record produced by the Government. Restitution for future losses may be inappropriate where the loss is too

4

difficult to confirm or not sufficiently substantiated on the record. See United States v. Pearson, 570 F.3d 480, 486–87 (2nd Cir., 2009), citing United States v. Laney, 189 F.3d 954, 966 (9th Cir., 1999) ("While a restitution order pursuant to 18 U.S.C. § 2259 may include an amount for future medical expenses, 'an order of restitution for future losses may be inappropriate [where] the amount of loss is too difficult to confirm or calculate.'")

In this case, the record set forth by the Government does not sufficiently establish the need for, or amount of, future counseling with any reasonable certainty. The Government has simply submitted an unsigned letter, which is several months old, in support of it's request for future losses. MV-1's counselor has simply indicated that MV-1 "may" require long-term professional counseling and that "the goal is to enable MV-1 to heal and thrive." However, MV-1's counselor even expressly acknowledges that the true future cost is merely a projection and will be "dependent on her progress and needs."

The Government has not produced any record of any sort of diagnosis as it relates to MV-1, nor has it produced documentation detailing the nature of future therapy. MV-1 has not been independently evaluated and there has been no expert testimony provided as to the need for, or propriety of, future counseling. In addition, Defendant has not been provided with any up to date documentation confirming MV-1's progress and current condition. It is not even known whether MV-1 has continued to engage in counseling since March 22, 2017 and whether she is currently attending counseling sessions. Further, although not dispositive of the issue, it is unknown whether the counseling/therapy cost is covered by insurance.

As indicated by the aforementioned analysis, the Government has not sustained it's burden in this matter as it relates to restitution by the evidence presented. Accordingly, this

Court should decline to grant the total amount requested at the time of sentencing.

### B. TRAVEL EXPENSES

The Government also claims that MV-1 is entitled to travel expenses to go to and from her counseling appointments in the amount of $1,917.60. (Government's Position, p. 5.) The costs for "necessary transportation" are included within the "full amount of the victim's losses." 18 U.S.C. § 2259(b)(3)(C). Defendant contends that the amount set forth by the Government is entirely speculative and there has been no showing of necessity. As indicated above, MV-1's future therapy needs cannot be determined with reasonable certainty. Further, it is unknown whether MV-1 will continue to see the same counselor at the same location in the future. Therefore, this Court should decline to grant the proffered restitution amount for travel expenses because the amount is speculative and cannot be determined with reasonable certainty.

### CONCLUSION AND REQUESTED RELIEF

For the reasons set forth above, Defendant requests tat this Court decline to grant restitution in the amount requested by the Government.

                                                  CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
E-mail: camillabarkovic@gmail.com
Telephone: 586/773-2120

Dated: January 16, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2018, I electronically filed Defendant's Memorandum in Opposition of Government's Position Regarding Restitution with the Clerk of the Court for te Eastern District of Michigan using the ECF system, which will send notification of such filing to all parties of record, including Assistant United States Attorney Margaret Smith.

                                                  CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
E-mail: camillabarkovic@gmail.com
Telephone: 586/773-2120

Dated:       January 16, 2018