UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

                                    Crim. Case No. 16-20576

v.

                                    HON. STEVEN J. MURPHY

RANDY NIBUNGCO MONTANTE,

    Defendant/Petitioner.

---

**United States' motion for an order finding waiver of attorney-client privilege, directing trial counsel to provide information and testimony, and for an extension of time**

---

"[L]itigants cannot hide behind the [attorney-client] privilege if they are relying upon privileged communications to make their case." *In re Lott*, 424 F.3d 446, 454 (6th Cir. 2005). Petitioner Randy Montante has made communications with his trial counsel the central issue in his pending motion to vacate his sentence. The government requests that the Court enter an order finding that Montante has waived the privilege as to all relevant communications with and work product by his attorney if

1

he does not withdraw his claim and requiring Montante's attorneys to provide relevant information, documents, and testimony. The government also requests an extension of time to respond to Montante's motion to vacate to a date after resolution of the privilege issue.

## BACKGROUND

Montante filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 50). Montante's motion raises a host of issues, but his primary claim is that he received ineffective assistance of counsel from his trial attorney, Sanford Schulman. Montante alleges that he received ineffective assistance of counsel because counsel failed to review discovery, explain the plea agreement, and generally provided bad advice. He has not submitted an affidavit from Attorney Schulman. The Court ordered the government to respond. (Doc. 51).

The information and advice Attorney Schulman provided Montante is a critical issue raised by Montante's motion to vacate his sentence. To investigate and respond to Montante's claims, the government needs to obtain information from Attorney Schulman about his communications with him.

2

## ARGUMENT

### I. Montante waived the attorney-client privilege by claiming he received deficient advice of counsel.

"The attorney-client privilege cannot be used as a sword and a shield at the same time." *United States v. Lossia*, 2008 WL 192274, *1 (E.D. Mich., 2008) (Pepe, M.J.). Montante impliedly has waived the attorney-client privilege as to his communications with Attorney Schulman by alleging that Attorney Schulman provided erroneous or deficient advice. By making those allegations, Montante has "inject[ed] into the litigation" an issue that requires information and testimony from Attorney Schulman about his communications with Montante. *Lott*, 424 F.3d at 453 (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *see also Lossia*, 2008 WL 192274 at *1; *Mason v. Mitchell*, 293 F.Supp.2d 819, 823, 825 (N.D. Ohio 2003). Accordingly, if Montante persists in his claim that Attorney Schulman provided ineffective assistance of counsel by allegedly failing to investigate, and misadvising him, the Court should find that Montante has waived the attorney-client and work product privileges to the extent necessary to litigate his claim.

3

## II. Montante should be provided the opportunity to preserve the privilege by withdrawing his claim of ineffective assistance of counsel.

Based on the record as it now stands, the Court could find that Montante has waived the privilege with respect to all communications with Attorney Schulman relating to plea negotiations, the strength of the government's evidence and any defenses, and Montante's sentencing exposure. Nevertheless, while Montante is represented by counsel, he has not indicated his willingness to waive the privilege in order to resolve the petition, so the government proposes the following approach—taken by this court and other courts—to ensure that Montante understands the consequences of his allegations against Attorney Schulman.

First, the Court should issue an order advising Montante that persistence in his ineffective assistance counsel claim will result in a finding of waiver of the attorney-client and work product privileges, and giving Montante 30 days to withdraw his claim if he wishes to preserve those privileges. *See, e.g., United States v. Boyle*, 15-cr-20471 (E.D. Mich., November 7, 2018)*; United States v. McIntyre*, 16-cr-20654 (E.D. Mich., September 6, 2018); *United States v. Gaskin*, 11-cr-20178 (E.D. Mich., December 7, 2016) (Murphy, J.); *Barrett v. United States*, 2013 WL

4

1131072, *2–3 (S.D. Ohio, March 18, 2013) (Kemp, M.J.); *United States v. Clark*, 2013 WL 74616 (W.D. Mich., Jan. 7, 2013) (Neff, J); *Lossia*, 2008 WL 192274 at *1. Second, if Montante does not withdraw his ineffective assistance claim, the Court should find that Montante has waived the attorney-client and work product privileges to the extent necessary to litigate Montante's claims and require Attorney Schulman to provide testimony and all documents and communications with Montante relating to plea negotiations and investigation of the case, and the merits of the government's case and any defenses. *See, e.g., United States v. Boyle*, 15-cr-20471 (E.D. Mich., December 7, 2018) (Drain, J.)*; United States v. McIntyre*, 16-cr-20654 (E.D. Mich., October 17, 2018) (Goldsmith, J.); *United States v. Gaskin*, 11-cr-20178 (E.D. Mich., December 7, 2016) (Murphy, J.); *Goodson v. United States*, 2016 WL 1407834, *1 (E.D. Mich., April 11, 2016) (Cohn, J.); *Garcia v. United States*, 2015 WL 5501749, *8 (W.D. Tenn., Sept. 17, 2015) (McCalla, J.). The government requests an additional 60 days after issuance of the Court's order finding waiver and requiring Attorney Schulman's cooperation with the investigation of Montante's claims to respond to

5

Montante's § 2255 motion.

## CONCLUSION

Montante has injected his communications with Attorney Schulman into issue by asserting ineffective assistance of counsel, but the government cannot fully investigate or respond to Montante's allegations without obtaining information from Attorney Schulman. Accordingly, if Montante chooses to persist in his claim, the Court should find that Montante has waived the attorney-client and work product privileges and require Attorney Schulman to cooperate with the government's investigation of Montante's allegations.

Respectfully submitted,

MATTHEW SCHNEIDER,
United States Attorney

s/Margaret M. Smith
Margaret M. Smith
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9135
e-mail: margaret.smith@usdoj.gov

Dated: February 8, 2019

**Certificate of Service and Filing**

I certify that on 2/8/2019, I electronically filed the foregoing brief for the United States using the ECF system, Under Seal, and a copy will be sent email by our office to the Attorney of Record.

*/s/ Margaret Smith*
Assistant United States Attorney