UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff/Respondent,

v.

RANDY NIBUNGCO MONTANTE,

   Defendant/Petitioner.
            /

Criminal Case No. 2:16-cr-20576

Civil Case No. 2:18-cv-12419

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING MOTION TO VACATE SENTENCE [50]

  Defendant/Petitioner Randy Nibungco Montante ("Petitioner") pleaded guilty to one count of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e). ECF 25. He was sentenced to 210 months' imprisonment. ECF 48, PgID 643. On August 3, 2018, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF 50. For the following reasons, the Court will deny the motion.

### BACKGROUND

  On August 10, 2016, the Government filed a criminal complaint against Petitioner accusing him of producing and receiving child pornography and engaging in online enticement of a minor. ECF 1. Post indictment, Petitioner faced one count of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). ECF 10. On February 2, 2017, the Government offered and Petitioner accepted a Rule 11 Plea Agreement whereby Petitioner pleaded guilty to one count of production of

1

child pornography, in violation of 18 U.S.C. § 2251(a). ECF 25, PgID 354. The parties agreed to a sentencing guideline range of 262 months' to 327 months' imprisonment, subject to various determination by the Court. *Id.* at 355–56. On August 31, 2017—one week before Petitioner's sentencing hearing was initially scheduled—Petitioner filed a motion to substitute his counsel, ECF 35, that the Court granted, ECF 37. On October 18, 2017, Petitioner filed a motion to withdraw his guilty plea, ECF 38, which the Court denied, ECF 41. On January 25, 2018, the Court sentenced Petitioner to 210 months' imprisonment. ECF 48. Petitioner now moves to vacate his sentence, alleging that his attorney failed to fully investigate his case and failed to provide him with necessary information to make a rational decision about whether to plead guilty or proceed to trial. ECF 50, PgID 712.

## **LEGAL STANDARD**

A prisoner may move to vacate a sentence that was imposed in violation of the U.S. Constitution. 28 U.S.C. § 2255(a). The Constitution provides that a criminal defendant shall "have the Assistance of Counsel for his defense." U.S. Const. amend. VI. That right to counsel attaches when the adversary judicial process is initiated. *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). And once the right attaches, the accused is guaranteed to have counsel at all critical stages of the criminal proceedings, *id.*, including during plea negotiations, *Missouri v. Frye*, 566 U.S. 134, 140 (2012). Moreover, the Constitution does not guarantee just any counsel—it guarantees "the effective assistance of competent counsel." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

2

Courts apply the *Strickland* standard to determine whether the accused received effective assistance of counsel during plea bargaining. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To prevail under the *Strickland* standard, a defendant must show that: (1) his counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, the defendant must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997) (citing *Strickland*, 466 U.S. at 689)).

## DISCUSSION

After reviewing the record, the Court finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). As an initial matter, Petitioner's motion to vacate his sentence primarily attempts to rehash arguments he made in his motion to withdraw his guilty plea, that the Court already ruled on and Petitioner did not appeal. *See* ECF 38, 41. Section 2255 is not a substitute for direct appeal. *See United States v. Addonizio*, 442 U.S. 178, 184 (1979). When a defendant does not raise a claim on appeal, he is generally barred from raising it in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 503 (2003). Because Petitioner failed to appeal the Court's denial of his motion to withdraw his plea, his claims pertaining to his prior counsel—Mr. Schulman's—effectiveness during the plea negotiations are procedurally defaulted.

Furthermore, Petitioner has not shown by a preponderance of the evidence that Mr. Schulman's performance was deficient. Based on the record and the submitted affidavits and evidence, Mr. Schulman sufficiently prepared for the case and the plea negotiations, provided all necessary information to Petitioner relating to his plea, and discussed the consequences of accepting the plea agreement with Petitioner. As the Court already held, Petitioner "was not deprived of any evidence to which he was entitled prior to his plea," and Mr. Shulman did not fail to meaningfully negotiate the plea and discuss it with him. ECF 41, PgID 579. Petitioner's statements and affidavit now stating that he was deprived of discovery and effective counsel during his plea negotiations are unpersuasive.

In addition to Petitioner's obvious incentives to be untruthful, his allegations are inconsistent with the acknowledgments he made to the Court, the affidavit of Mr. Schulman, and the advice he received about the plea agreement from a different attorney—Mr. Collins. ECF 25, PgID 364 (written acknowledgment that Petitioner "has read (or been read) this entire [plea agreement], understands it, and agrees to its terms," that he "is satisfied with his attorney's advice and representation," that he "had a full and complete opportunity to confer with his lawyer," and that he "had all of his questions answered by his lawyer."); ECF 39, PgID 508–12 (oral acknowledgment that Petitioner was competent to plead guilty, that he "discussed [his] case completely with Mr. Schulman," that he understood all advice from Mr. Schulman, that he was proceeding with his plea on his own volition because he is "actually guilty," that he understood the consequences of a guilty plea); ECF 57-2 (Mr. Schulman's affidavit). When he entered his guilty plea, Petitioner engaged in a

4

lengthy colloquy with the Court, during which he confirmed that he "discussed his case completely" with his former attorney, that it was his decision to plea, and that he pled because he was "actually guilty." ECF 39, PgID 509–10. Mr. Schulman's representation during the case did not fall below an objective standard of reasonableness.

For these reasons, there was not a constitutional violation, and Petitioner is not entitled to relief under 28 U.S.C. § 2255(a). The Court therefore denies Petitioner's motion.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant Petitioner's motion to vacate sentence [50] is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall **CLOSE** civil case 2:18-cv-12419.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: August 30, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2019, by electronic and/or ordinary mail.

s/ Karri Sandusky on behalf of<br>David Parker, Case Manager

5