# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>Deborah S. Hunt<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed: August 11, 2020

Mr. Martin J. Beres
Law Office
42211 Garfield Road
Suite 146
Clinton Township, MI 48038

Ms. Margaret M. Smith
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

> Re: Case No. 19-2178, *Randy Montante v. USA*
> Originating Case No. 2:18-cv-12419, 2:16-cr-20576-1

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Monica M. Page
Case Manager
Direct Dial No. 513-564-7021

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 19-2178

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 11, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| RANDY NIBUNGCO MONTANTE, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| UNITED STATES OF AMERICA, | ) THE EASTERN DISTRICT OF |
| | ) MICHIGAN |
| Respondent-Appellee. | ) |
| | ) |
| | ) |

O R D E R

Before:  SUHRHEINRICH, GILMAN, and LARSEN, Circuit Judges.

Randy Nibungco Montante, a federal prisoner proceeding through counsel, appeals the district court's judgment denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

In 2017, Montante, then represented by Sanford A. Schulman, pleaded guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a).  Prior to sentencing, Mr. Schulman was replaced by Camilla Barkovic as Montante's attorney.  Montante then, through Barkovic, filed a motion to withdraw his guilty plea, which the district court denied.  The district court then sentenced Montante to 210 months in prison.

Shortly thereafter, Montante retained his present attorney, Martin J. Beres, and filed a § 2255 motion to vacate, claiming that Schulman was ineffective for failing to investigate his case adequately and for failing to provide him with the necessary information to allow him to make a

rational decision about whether to plead guilty or to proceed to trial. He also requested an evidentiary hearing.

The district court denied the motion, first finding that an evidentiary hearing was unnecessary because the motion "primarily attempts to rehash arguments that [Montante] made in his motion to withdraw his guilty plea," the denial of which Montante failed to appeal. It concluded that, "[b]ecause [Montante] failed to appeal the . . . denial of his motion to withdraw his plea, his claims pertaining to his prior counsel—Mr. Schulman's effectiveness—during the plea negotiations are procedurally defaulted."

The district court also concluded that Montante failed to show that Schulman performed deficiently, finding that Schulman had "sufficiently prepared for the case and the plea negotiations, provided all necessary information to [Montante] relating to his plea, and discussed the consequences of accepting the plea agreement with [Montante]."

Finally, the district court concluded that Montante's allegations with respect to Schulman's purported ineffectiveness were inconsistent with the acknowledgements that he made to the court during his plea colloquy, Schulman's affidavit, and the advice that Montante had received from a former United States attorney.

The district court, however, granted Montante a certificate of appealability on the issue of whether "Schulman properly assisted [him] during his plea negotiations."

Montante filed a timely notice of appeal, and shortly thereafter Beres filed a motion for this court to appoint him as Montante's counsel under the Criminal Justice Act. This court granted the motion.

Montante, through Beres, argues that (1) the district court erred in ruling that his failure to appeal the denial of his motion to withdraw his guilty plea forecloses his claim that Mr. Schulman was ineffective, (2) the district court failed to recognize that the waiver in his plea agreement prevented him from appealing its order that denied his motion to withdraw his guilty plea, and (3) the district court should have held an evidentiary hearing.

When considering a district court's denial of a § 2255 motion, we review factual findings for clear error and legal conclusions de novo. *Braden v. United States*, 817 F.3d 926, 929 (6th Cir. 2016). To obtain relief under § 2255, a prisoner "must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

None of Montante's arguments meet these criteria. Most significantly, Montante's motion to vacate relies on factual assertions that conflict with his sworn testimony during the plea colloquy. For example, Montante now contends that his attorney "did not discuss the potential strengths or weaknesses of [his] case, [discuss] the likely testimony, [discuss] possible defenses or convey the pros and cons of proceeding to trial or the consequences of pleading guilty." But when the district court asked Montante during the plea hearing whether he had "discussed [his] case completely with Mr. Schulman," Montante responded, "Yes, Your Honor." Montante also replied in the affirmative when asked whether he was "confident that [he] underst[ood] all the advice that [his attorney had] given [him]." Montante cannot create a factual issue by contradicting the sworn testimony he gave during the plea hearing. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (holding that "where the court has scrupulously followed the required procedure [of a Rule 11 plea hearing], 'the defendant is bound by his statements in response to that court's inquiry'") (quoting *Moore v. Estelle*, 526 F.2d 690, 696–97 (5th Cir. 1976)).

In addition, to prevail on his § 2255 motion, Montante had to prove that, but for the allegedly bad advice, he would not have taken the plea deal. That also is contradicted by the plea colloquy. When the district court asked Montante to confirm that it was "[Montante's] decision to go forward with [his] plea, not that of Mr. Schulman, [his] attorney, or anybody else," Montante replied, "Yes, Your Honor." Montante then affirmed that he was pleading guilty because he was actually guilty. Montante maintained that position even after the district court informed him of (1) the elements of the child-pornography charge, (2) the range of possible sentences, (3) his right to proceed to trial and have the presumption of innocence, and (4) the appeal-waiver in his plea

agreement.  Under these circumstances, we must reject Montante's claim that Schulman provided ineffective assistance of counsel during plea negotiations.  And because Montante's ineffective-assistance claim could be adjudicated on the existing record, the district court did not abuse its discretion in ruling without an evidentiary hearing.  *See Hodges v. Colson*, 727 F.3d 517, 541 (6th Cir. 2013) (district court's failure to hold an evidentiary hearing is reviewed for an abuse of discretion); *Muniz v. Smith*, 647 F.3d 619, 625 (6th Cir. 2011) ("A district court is not required to hold an evidentiary hearing if the record precludes habeas relief.").

Accordingly, we **AFFIRM** the district court's judgment.


ENTERED BY ORDER OF THE COURT


Deborah S. Hunt, Clerk